Nott, J.,
delivered the opinion of the court:
The only question which the court has considered in this case, and indeed the only question of law which there is to consider, is whether the demand or cause of action has not been finally compromised by the parties.
The contractor, whom the claimant in this suit represents, lay under the burden of a charge of fraudulent collusion between himself and the official superintendent, under whose supervision the work was performed and upon whose measurements the contractor’s claim is based. The matter had been the subject of an investigation by a commission appointed by the Secretary of the Treasury, and the commission had reported adversely to the contractor, and the Secretary had sustained the report and refused to pay any portion of his demand. When he came into Congress for relief, a committee of the House of Eepreseutatives virtually retried the case, and Congress directed a statement of the contractor’s accounts to be made by the accounting-officers of the Treasury according to certain instructions.
Here, then, was a fair case for compromise, according to all the authorities. It was, if not doubtful, still fairly disputable, and upon whatever basis the settlement may have been placed, a settlement of such a disputable case is never allowed to be disturbed.
With that state of facts before them as a basis for compromise, the two houses of Congress united in passing the private act for the relief of the contractor. It gave to him a large sum, $33,674.36, and it expressly set fprth in terms that the payment of this sum to the contractor should be “in full for the balance due him.” In no other case that can now be recalled has this provision been actually written on the face of such a statute, but there have been cases in which it has been held by the Supreme Court that such a provision should be implied, and that a payment made after such a dispute is conclusive upon the contractor. (Adams’s Case, 7 C. Cls. R., p. 58; Child, Pratt & Fox’s Case, id., p. 209.) The fundamental difference *770 between this and the Supreme Court in those eases was that this court held that the intent of Congress in passing the statute which was the subject of construction, was to afford the parties immediate relief for certain reduced amounts which an ene-parte commission had awarded to them, and that it was not the intention of Congress to preclude the parties from seeking a judicial investigation upon the merits. In this case that construction would not be tenable, for Congress have attached to the private act a provision which leaves no room for conjecture.
It has been shown, or attempted to be shown, by the claimant that at the suggestion of the committee of the House of Rep: resentatives the contractor temporarily withdrew a part of his demand, in order that he might obtain immediate relief for the balance; and that he did so in the mutual understanding of himself and the committee that his claim for the items withdrawn should be re-presented to the next Congress. We need not doubt that such was the fact, and yet it is impossible to vary the terms of the statute, and certainly impossible to annul an express provision by contradicting it in such a way.
It has also been suggested by the claimant that the private act 3d March, 1875, re-referring the claim to this court, was intended to take it out of the operation of any compromise, and enable this court to again adjudicate it upon the merits. But the reference to this court in that act does not waive the former settlement in terms; and the only waiver that appears on the face of the statute is a right given to “ either party to use the evidence heretofore taken;” and that is indeed confined to evidence which shall be found to be “pertinent and c'ompetent.”
It has been held in previous discussions, and it must now be regarded as a fixed principle in this court, that a simple reference of a case by Congress to this court, of itself, waives no legal defense which the Government, as defendant, may have, excepting only the statute of limitations. When Congress specially sends a case to be heard and determined here, that enactment probably overrides the existing general enactment, that such a case is barred from being brought by lapse of time. There are, indeed, cases where the reference of a claim by Congress to this court may operate as a ratification of a transaction which was in terms made subject to the approval of Congress; but, apart from these two exceptions, it is difficult to conceive of any case where the mere act of referring by enactment will *771 change by implication tlie law otherwise applicable to the facts of the case.
The circumstance has not been overlooked that this court, before its reorganization in 1873, rendered a decision in favor of the contractor, and ordered a bill to be reported to Congress for his relief. But there are two answers to the apparent incongruity of the court deciding one thing then and another thing now. In the first place, the Supreme Court had not then rendered the series of decisions upon compromises with the Government, which is practically, if not theoretically, so much new law; and, in the second place, the former court did not render a final judgment in the suits brought before it, but sent them to Congress for consideration and final determination. It was and still is within the proper discretion of Congress to give effect to the informal understanding alleged to have subsisted between the contractor and the committee of the House, and to waive the legal defense then as now existing. The former decision set forth the facts and carried up the evidence, and placed Congress in a position to act for or against the claim. The court, as at present constituted, renders a final judgment, which must be determined solely upon legal principles, and cannot be aided by legislative discretion.
The judgment of the court is that the petition be dismissed.
Loring-, J., dissented.
Bichardson, J., was absent when the judgment was announced, but heard the case, and took part in the decision, and concurred in the opinion of the court.