Weldon, J.,
delivered the opinion of the court:
This is a suit to recover the sum of $2,250, being the balance claimed on an alleged depredation committed by the defendant Indians on the property of the plaintiff in the year 1868, in the county of Bent, in the then Territory of Colorado.
The claim was filed in the Interior Department in the year 1868, supported by the affidavits of claimant and two witnesses, in which it is substantially stated that the property, to wit, 45 mules, was worth the sum of $11,250. The claim was considered on the 21st of June, 1870, and was allowed in the sum of $9,000 by the Secretary. On the 25th of July, 1870, a warrant was issued, payable to claimant or order, in the sum of $9,000, signed by the assistant treasurer of the United States; and on the 28th of July, 1870, the warrant was paid, being indorsed by the claimant.
Based upon the foregoing facts, the defendants have filed a plea of payment, in which it is, in substance, alleged that the said amount of $9,000 was found to be due the petitioner in full satisfaction of the claim, and which sum the petitioner then and there accepted from the defendants in full satisfaction and discharge of the sum of $11,250, the amount then alleged to be due the petitioner by reason of the depredation committed by the defendant Indians.
*26 To that plea the plaintiff filed a replication, in which it is alleged that the sum of $0,000 was not received and accepted in full satisfaction of the claim, but, upon the contrary, the said sum was received as part payment of said demand and not otherwise.
If the allegations of the plea are sustained by the proof, it is a complete answer to the alleged cause of action, and the defendants are discharged from all liability under the statute.
The claim as filed in the Department was for 45 mules, at the rate of $250 per head, making in the aggregate the sum of $11,250, and $3,000 consequential damages because of the taking of the property. The Secretary, in passing upon the claim with others, on the 21st of June, 1870, said:
“ I have examined and herewith return the following claims * * * and hereby allow them and in the several sums as recommended by you, viz, claim of James Brice, $9,000.”
The investigation and allowance were made under the 17th section of the Act of 1834 (4 Stat. L., 731, R. S., 2156), which in substance provides for an investigation of claims and a guarantee on the part of the United States of ultimate indemnification to the owner of the property lost or destroyed.
There is a proviso in the act of 3834 “that unless such claim shall be presented within three years after the commission of the injury the same shall be barred.”
This claim having been presented within the time, and having, as it is presumed, all the other requisites to confer the right upon the Secretary to investigate, he had complete jurisdiction, under the direction of the President, of the claim at the time of the allowance.
The statute does not contemplate a partial investigation of some of the items of which the Secretary had jurisdiction, nor an allowance by the Secretary of part, leaving the rest of the demand open to further investigation and adjustment by installments.
It is insisted by claimant that the allowance of $9,000 was but a partial allowance, or an installment to be awarded and paid claimant, with a right to insist upon the balance at some other time or in some other mode of adjustment; that it is a payment of less than the amount due and therefore could not operate as a payment of the whole of the claim.
*27 It must be borne in mind that the amount of the claim at the time of its presentation was not a liquidated and agreed amount, but depended upon an examination of the law and proof on file in support of the demand. It is not analogous to the discharge of a sum certain, and about which there is no dispute, by the payment of a sum less than the amount. ■ In such a case it could not be successfully maintained that the payment of a less sum operated as a discharge in law of the greater sum; but that is not the case at bar. The claimant submitted his claim to the arbitration and decision of the Secretary of the Interior, under the provisions of a statute which gave him no discretion but the naked power of investigation and decision. The theory that the award was only intended to be a partial allowance of the claim, and in effect a payment on account, is contradicted by the facts and circumstances of the case, as shown by the proceedings in the Department. It is insisted that the theory of the replication is maintained because, as it is alleged, the proof beyond question showed that the amount of the demand was $11,250 and not $9,000.
It may be that the Secretary mistook the legal effect of the testimony and allowed less than was shown by the evidence; but it does not follow that such a finding operated in law as a partial allowance, leaving in the claimant the latent right to insist upon an-additional sum of $2,250. The question of the value of the mules at the time they were taken by the Indians was a question of judgment, depending upon the testimony of the witnesses whose affidavits were on file and such legitimate evidence as was in the possession of the Secretary as to the price and value of such property.
The form of the claim filed as to the mules indicates very clearly that the Secretary did not intend to make it divisible in amount, and that he passed upon the whole claim as to the mules in the allowance made. In payment of the amount of the award a draft was issued to the claimant on the 25th of July, 1870, and on the 28th of July the warrant was paid, the draft being properly indorsed by the plaintiff, and no objection or protest was made as to the sufficiency of the amount until nearly four years afterwards. A further claim for the $2,250 seems to be an afterthought upon the part of the plaintiff, and, *28 although he states in his affidavit that he was informed by his attorney that the balance of his claim for the mules would be paid in about sixty days and that as to the other items it would be necessary to sue in the Court of Claims, he did not file his affidavit jir otes ting against the payment of tbe $9,000 as a payment in full until nearly four years after the payment of the draft in the year 1870.
It is alleged in the brief of counsel that the affidavit was filed shortly after the payment in 1874, but tbe record shows that the draft was paid July 28, 1870, and the affidavit was not sworn to until the 11th day of February, 1874.
The Secretary of the Interior had no authority to adjust and allow a claim for consequential damages growing out of the taking of property, and was therefore confined to the consideration of the,claim for the value of the mules alleged to have been stolen.
The petition in this court is a claim for the difference between the alleged value of the mules and the allowance made by tbe Secretary of the Interior; and this court not having jurisdiction under the act of 1891 to adjudicate consequential damages growing out of the taking of property, the controversy of this litigation is confined to the claim for the mules, which was fully passed upon by the Secretary.
If the claimant intended to save his legal rights, as now maintained, he should have protested at the time he received tbe $9,000, and if tbe Secretary had authority to adjust a balance due the plaintiff, subject to the legal effect of a protest, he might now insist upon the payment as a partial payment of his loss, but no protest was made until nearly four years after the payment of tbe draft. (Gilman’s Case, 8 C. Cls. R., 521.)
But it may be seriously doubted whether a protest at the time he received the money would have given the right to the claimant to sue for and recover the balance. It may be that tbe facts of the case would bring it within the decision in the case of Savage (92 U. S., 382).
In the case of Gilman supra it is said:
“ Where premises are occupied by the Government by an implied lease, and a claim therefor is presented which is reduced and paid, the owner accepts the payment at the reduced rate, and receipting therefor without protest it is final.”
*29 Analogous to this doctrine it was held in the Comstock Case (9 C. Cls. R., 141):
“Where there is no express contract or stipulation considered, and payment is made at ."a less price than the owner demands, intended as a payment in full, and accepted without objection, protest, or reservation, though no receipt be given, the party will be concluded from saying that it was not a payment in full.”
It is insisted that because the transaction does not embody all the elements of a compromise of a doubtful and unadjusted claim, it is not subject to the rule of law which estops a party from claiming more than was allowed and paid.
It is not necessary that the transaction be in terms or essence what is technically regarded as a compromise; it is sufficient if the act of the parties be in legal substance a settlement and a consequent payment of an amount which by reasonable intendment was regarded as a payment of the demand.
In the case of Carmack and Ramsay (2 C. Cls. R., 126) this court, upon the subject of award as stated in the syllabus, held:
“The submission of a claim by Congress to an officer of the Treasury Department with instructions to adjudge and award according to the principles of law, equity, and justice, constitutes an arbitrament, and the acceptance of the award by the claimants is conclusive evidence of their assent and a waiver of any irregularity in the proceedings.”
The policy of the law is to maintain and enforce settlements and awards, and unless they are impeached by fraud or mistake they bind the rights of the parties and conclude in law all controversy as to the subject-matter embraced in the determination. (Hedrick and Warden, 16 C. Cls. R., 88; Cruger, 11 C. Cls. R., 766; Shipman, 18 C. Cls. R., 138; Corliss Co., 18 C. Cls. R., 126.) The allegation of the replication that the amount paid claimant “was received as part payment of his said demand” is not sustained by the proof, but, upon the contrary, the allegation of the plea “ that it was received in full satisfaction and discharge of the plaintiffs claim” is sustained, and the judgment of the court is that the petition be dismissed.