Howry, J.,
delivered tbe opinion of tbe court:
This is an action brought under tbe Indian depredation act of March 3,1891 (26 Stat. L., 851), to recover tbe value of a quantity of bay alleged to have been taken or destroyed, and for damages alleged to have been sustained for tbe burning of a quantity of wood and fencing, and injury done to meadow land of tbe plaintiffs by tbe Ponca Indians on or about tbe 6th of June, 1877, in tbe county of Seward, in tbe State of Nebraska. Tbe defendants allege tbe insufficiency of tbe evidence to sustain tbe action, and tbe want of legal and competent evidence to establish tbe value of tbe property taken or destroyed.
Tbe proof offered by plaintiffs shows that early in tbe month of June, in tbe year of tbe alleged depreciations, tbe defendant *170 Indians, to tbe number of seven or eight hundred, were being removed by the Government from the Ponca Reservation to the Indian Territory, and were encamped on or near the plaintiffs’ land, and that while there they tramped the meadow and destroyed the hay, tore down the fences and burned the posts and stays,-cutting the wire and destroying the line of fence, and girdled the timber and cut poles for use in the erection of the tepees of the encampment. There is some proof showing the land to have been damaged by the use of tent and lariat pins and by ponies tramping the soft ground just after a heavy rain, and in the use made of the land by parking teams upon it.
Major Howard, of the United States Army, was in command at the time, superintending the removal of the Poncas and directing and controlling their movements.
Upon these facts the plaintiffs can not recover.
Part of the damages claimed are consequential, and as to such part the court is without jurisdiction. (Brice v. The United States et al., 32 C. Cls. R., 23.)
The depredations which Congress intended to afford a remedy for are those limited by the words “taken or destroyed,” and are necessarily circumscribed by that limitation to property which has been absolutely lost either by theft or destruction. (Miller’s Administrator v. The United States, 33 C. Ols. R., 106.)
As to the losses and injuries proved to have been directly sustained, they are not of such a character as to constitute depredations within the meaning of the act under which the suit is brought. The liability imposed upon Indians by the act of 1891 did not create claims nor impose new liabilities. It did not make bands or tribes responsible where they were not before liable. No claim existed against the defendant Poncas at the time of the passage of the act of 1891 for the injuries charged. The tribe was under the control and jurisdiction of the Government at the time of their encampment on the plaintiffs’ land. They were taken there by an officer of the Army and directed to do, or were permitted to do, whatever the proof shows was done. Their acts in taking and using the property were not wanton acts of taking and destruction, but incidental to their encampment on the premises of the plaintiffs. They were then, as they are now, the wards of the nation, in amity, it is true, with the United States, but in subjection and yielding obedience to the authority of the Government, in whose *171 charge they were for a definite and specific purpose. The law did not devolve responsibility upon the tribe for doingwhat its members were presumably authorized to do by the direction of the United States through their officers. The police power of the tribe over its members had ceased by the act of the sovereign. Under these' circumstances liability can not be cast by implication upon the Ponca tribe, and as the only liabilities contemplated by the act of 1891 are those of Indians for depredations voluntarily committed by them, with guaranties on the part of the United States to pay oidy in cases where the Indians became primarily liable, the case does not fall within the act.
These views render unnecessary any consideration of the pleadings and proof relating to the extent of the injuries sustained by the,plaintiffs or of the value of the property shown to have been damaged.
The petition is dismissed.