Howry, J.,
delivered the opinion of the court:
Remnants of different tribes of Indians who fled from their reservations on account of political differences with their brethren at a time when the majority of the Creeks, Semi-nóles, Cherokees, Delawares, and other bands became hostile to the United States, became encamped upon the farm of claimant’s intestate, in Coffey County, Kans., under immediate charge of an agent appointed by direction of the superintendent of Indian affairs for the southern district. The remnants of the tribes mentioned numbered from 3,000 to 5,000, and were known as the Southern Refugees. Some of them were drilled for military service at the encampment, and about' 900 of them enlisted in the Army of the United States. During the time they occupied the farm and the lands adjoining, it is alleged that they took and destroyed a large amount of property belonging to the owners. The refugees had regular officers and were under the immediate control of Government officers, both civil and military. It was the understanding that the people upon whose land they were encamped would be paid for whatever damage was suffered. Government officers in charge stated to claimant’s intestate that they would pay the damages done by the encampment.
The acts of taking or destruction charged to the refugees, so far as the present claim is concerned, were committed prior to July 1, 1865, and no claim was ever filed with the Secretary of the Interior or other tribunal except a claim for damage to timber and the destruction of rails and posts around the farm. As to this part of the claim appraisers were appointed to examine the property and appraise the losses, after which these- losses were certified by the superintendent to be an accurate statement of the amount.
*9 As to the items of loss or destruction other than those contained in the claim filed with the Secretary of the Interior (amounting to several thousand dollars), the suit is barred by the second section of the act of March 3, 1891 (26 Stat. L., 851).
As to that part of the claim duly filed in the Indian Office and not barred by statute, the material inquiry is whether the items constitute such a claim as to charge the annuities of "the defendant tribes and to make the United States collaterally responsible.
In affirming this court in a case’where consequential damages were claimed the Supreme Court has held that the act of 1891 must be strictly construed; that judicial redress is limited to the statutory description of the obligation which the Government is willing to assume and which it has submitted to this court for determination, and that the courts are not at liberty to consider whether there may not be some equitable claim against the Government. (Price v. Osage Indians et al., 175 U. S. R., 376; 33 C. Cls. R., 106.)
It has heretofore been held by this court in a case somewhat similar to the one under consideration that the law will not place responsibility upon an Indian tribe for acts authorized by the United States. (Davidson et al. v. United States et al., 34 C. Cls. R., 169.)
In the present case the basis of liability is the same as that declared in Davidson’s case. It is such a taking or such a destruction on the part of the tribe as would have amounted either to theft or trespass before liability can arise. It is conceded here that the timber which the refugees took, and also the corn and cattle which they appropriated, were needed for the preservation of life against cold and hunger. Whatever taking there was by the refugees was either directed or sanctioned by officers of the Government. There was an understanding that the Government would pay for the use of the property, and though not binding as a contract, such an understanding negatives the allegation of depredation. Such a claim is not within the purpose and policy of the act under which it is presented.
The fact that judgment has heretofore been rendered in another case constituting a part of the group of claims arising *10 out of tlie acts of the refugees at the same time and place floes not present sufficient reason for the entry of judgment in this case. If the same defenses were available to the inconsiderable sums allowed in that case, such defenses should have been presented. But they were not offered. The court can not follow precedents for ivhich it is not responsible, because available defenses did not appear.
Plea sustained and petition dismissed.