Mr. Justice Clieeokd
delivered the opinion of the court:
Claims against the United States which are disputed by the officers authorized to adjust such accounts may be compromised, and if "the claimant voluntarily enters into such a compromise, and accepts a smaller sum than the claim and executes a discharge in full for the whole claim, he is bound by the adjustment, and cannot sue for what be voluntarily relinquished.
Sweeney was the owner of the steamer Ben. Franklin, and on the 3d of March, 1863, he chartered the steamer to the United States for $170 per day, the charter-party being signed by the owner of the steamer and an assistant quartermaster, without any stipulation as to the term of service. He complained of the rate allowed, and subsequently applied for an increase, and the quartermaster at Saint Louis directed that the steamer should be allowed $200 per day, by an in-dorsement on the application. She continued under the first *136 contract, and was borne upon the returns of the assistant quartermaster for the months of March and April following, but the claimant was only paid at that rate up to the 20th of March, nor was the steamer borne upon the returns of the assistant quartermaster after April of that year. He ordered her to proceed to Milliken-’s Bend, in the Mississippi River, and in so doing she passed within the'limits of another military department’and came under the control of another assistant quartermaster, where she remained until the 17th of September following, when she was discharged.
It was denied by the assistant quartermaster that the steamer was retained in service' under the original charter-party, and he stated the account for her services from the 21st of March to the 31st of July at $140 per day, which was regularly paid by the assistant quartermaster, and was duly receipted for by the claimant, and it appears that none of those accounts or receipts make any reference to the charter-party.
Complaint was made by the owner of the steamer that the compensation allowed was insufficient, and the assistant quartermaster, on the 19th of December of that year, made a settlement with the claimant and increased the allowance to $145 per day, and the finding of the Court of Claims shows that the account made out in that way was received and receipted by the claimant11 as in full of the above account,n being the account-made out in that way for the services of the steamer.
Enough appears to satisfy the court that the charter-party was superseded and that the claim was in fact for a quantum meruit, and as such that it was the proper subject of compromise within the principle adopted and applied in the case of Mason v. The United States, decided at the present term, (ante.) Prior to the adjustment, the sum allowed was $140 per day, but that allowance was not. satisfactory to the claimant, and the assistant quartermaster, as matter of compromise, agreed to add $5 per day in addition to that allowance, and the claimant having accepted the offer, received the money and executed a discharge in full of the claim, cannot prosecute a suit in the Court of Claims for what he voluntarily relinquished in the compromise.
Parties may adjust their own disputes, and when they do so voluntarily and understandingly no appeal lies to the courts to review their mutual decision.
Decree affirmed.