OPINION.
Richardson, J.,
delivered the opinion of the court:
The claim set up in this case is for work done and materials furnished for constructing a road to . a national cemetery in Mississippi under the direction of the Secretary of War.
The only authority which the Secretary had for undertaking the work was a clause in the Act of June 20, 1878, chap. 365 (20 Stat. L., 242), which appropriated the sum of seven thousand dollars “for the purpose of constructing a macadamized road from the city of Vicksburg, Mississippi, to the national cemetery near that city, to be expended under the direction of the Secretary of War, or so much of the above sum as may be necessary.^
*146 It is provided in the Revised Statutes as follows :
Sbc. 8732. No contract or purchase on behalf of the United States shall be made unless the same is authorized by law or is under an appropriation adequate to its fulfillment, except in the War and Navy Departments, for clothing, subsistence, forage, fuel, quarters, or transportation, which, however, shall not exceed the necessities of the current year.
This restriction both parties well understood, as appears from the fact that in their written contract it was specified that—
The work to be done and the materials to be furnished under this agreement shall'lie restricted to the amount allowed hy Congress for this purpose.
And again, that—
Upon inspection and report of materials furnished or work done during the performance of this contract, payment in part may be made to the contractor ; said payment in no case to exceed eighty j>or cent, of the estimated value of work done and materials furnished exeex>t whenever the amount of work done and furnished shall he of the aggregate value of seven thousand dollars, then payment may he made therefor in full.
To avoid these provisions of the contract and the statute the claimant alleges that he did extra work and furnished extra materials, which the defendants have accepted and used, and so an implied contract is raised to pay him therefor. But the extra work and materials for which he claims payment, according to his own allegations, are not other and different from those specified in the contract, but are, he alleges, of greater value than the limit of payment which the law fixed and to which he agreed. Had he proved the fact so to be, we do not think it would raise an implied promise to pay for such work, in view of the stringent restriction of the statute. To hold otherwise would be completely to nullify the statute and let down the bar set up by Congress to prevent executive officers from involving the Government in expenditures beyond those contemplated and authorized by the law-making power.
The liability in this case rests wholly upon the appropriation, and is different from those cases which frequently arise wherein Congress passes an act authorizing officers to construct a building or do other specified work, without restriction as to cost, and then makes an appropriation inadequate to do the whole of it or makes none at all.
In such cases the authority to cause the work to be done and to make contracts therefor is complete and unrestricted. All work, therefore, done under the direction of the officers thus charged with the execution of the law creates a liability on the *147 part of tbe Government to pay for it, and if a written contract be made and work be done in excess of tbe contract-specifications, or entirely outside of or in addition to tbe written contract, and such work inures to tbe benefit of tbe United States, in tbe execution of tbe law, or is accepted by the proper public officers, a promise to pay its reasonable value is implied and enforced.
We have frequently held that where there is a liability on the part of tbe Government, it is not avoided by the omission on tbe part of Congress to provide the money with which to discharge it. (Collins’s Case, 15 C. Cls. R., 35.)
But where an alleged liability rests wholly upon the authority of an appropriation they must stand and fall together, so that when the latter is exhausted the former is at an end, tó be revived, if at all, only by subsequent legislation by Congress. (McCullom v. United States, 17 C. Cls. R., 103; Trenton Co. v. United States, 12 ibid., 157.)
There are two other fatal defects in the claimant’s case. During the progress of the work, and especially near its close, controversies grew up involving the same claims which are now set up, and were considered by the parties. On the 24th of May, 1S79, an engineer of the Quartermaster’s Department, after inspection, made a certificate of work done and materials furnished, which appears to cover the whole ground, according to his estimate, and to present a full and final settlement. The certificate, after allowing for previous payments, showed a balance due the claimant of $2,672, the exact unexpended balance of the appropriation. This balance was paid to the claimant, and he receipted for the same “in full of the above account.” In our opinion this was a mutual settlement of a disputed account and was an accord and satisfaction. (Ramsdell’s Case, 2 C. Cls. R., 508; Livingston’s Case, 3 ibid., 131; Martin’s Case, 5 ibid., 215, and 9 ibid., 126; Sweeney’s Case, 5 ibid., 285, and 17 Wall., 75, and 8 C. Cls. R., 134; Clyde’s Case, 13 Wall., 35, 38, and 7 C. Cls. R., 262.)
After this settlement the Secretary of War, at the claimant’s request, authorized a remeasurement of the work, and it was accordingly made by an Army engineer. The result at which he arrived was in accordance with the previous settlement, without material change. But a civil engineer employed by the claimant increased the account of work done and materials *148 furnished by the claimant much beyond that of the Government officials. The testimony of these officers, and of other persons, and of the claimant, has failed to prove to the satisfaction of the court, as the sixth finding shows, that the final certificate, upon which he was paid the balance of the appropriation, was not substantially correct, or that he has done more work or furnished more materials than he has been paid for.
The claimant’s petition is therefore dismissed.