**DENISE G. RICHARDS, Plaintiff**

**v.**

**B & L DEVELOPMENT, INC., Defendant**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS, LEGISLATURE OF THE GOVERNMENT OF THE VIRGIN ISLANDS, Third-Party Defendant**

Civil No. 181/1978

District Court of the Virgin Islands

Div. of St. Croix

December 23, 1980

DAVID O'BRIEN, ESQ., Christiansted, St. Croix, V.I., *for plaintiff*

JAMES W. DIEHM, ESQ., Christiansted, St. Croix, V.I., *for defendant*

WILLIAM C. MURRAY, JR., ESQ., Assistant Attorney General, Christiansted, St. Croix, V.I., *for third-party defendant*

SILVERLIGHT, *Judge*

## MEMORANDUM OPINION

This case is before the Court on cross motions of defendant/third-party plaintiff, B & L Development, Inc., and third-party defendant, Government of the Virgin Islands.

Third-party defendant, Government of the Virgin Islands (the "Government"), moves for dismissal on the ground that plaintiff has failed to state a claim upon which relief can be granted or in the alternative partial summary judgment on the amount of damages and right to a jury trial. Defendant/third-party plaintiff, B & L Development, Inc. ("B & L"), has filed a cross motion for summary judgment. For the reasons stated below, summary judgment is granted to third-party defendant, Government of the Virgin Islands, and the case is dismissed as to that party.

The relevant facts of the case are that Denise Richards, while an employee of the Government of the Virgin Islands, was injured when she tripped and fell on the steps of the Senate Building, Contentment Road, Christiansted, St. Croix. She sued B & L Development, Inc., owner of the Senate Building. B & L impleaded the Government of the Virgin Islands, lessee of the building.

A lease was signed on June 21, 1974, between B & L Development, Inc., and the Legislature of the Virgin Islands for the rental of the Senate Building. The term of the lease commenced July 1, 1974, and ran for fifteen (15) years but after the first year, the term was expressly conditioned on appropriations being authorized by the Virgin Islands Government. In addition, an indemnity clause in the lease stated that lessee would indemnify and save harmless lessor from and against any and all claims arising from an occurrence at the leased premises.

B & L's third-party complaint demands that the Virgin Islands Government enter this action, defend B & L, and indemnify B & L for any expenses which may arise from the case.

■ The Government's motion to dismiss for failure to state a claim on which relief can be granted must be denied. B & L has stated a cognizable claim by pleading the indemnity clause in the lease. This fulfills the requirement of Rule 8(a) Fed. R. Civ. P. that a pleading contain a statement of the claim showing that the pleader is entitled to relief. The third-party complaint is thus formally sufficient to withstand the Government's Rule 12(b)(6) Fed. R. Civ. P. motion.

The posture of the Government relating to summary judgment in this case is confusing. In its motion it asks only for partial summary judgment on issues involving the Tort Claims Act. Yet in its supporting memorandum of law, the Government does argue for full summary judgment, calling into question the validity of the lease

between B & L and the Legislature, and specifically the indemnity clause of that lease.

■ Ordinarily this Court would only consider granting that relief which a party explicitly requests in its motion. However, here third-party plaintiff B & L has asked for summary judgment on the indemnity issue. The weight of authority is that summary judgment may be rendered in favor of the opposing party even though he has made no formal cross motion under Rule 56. Wright & Miller, Federal Practice and Procedure, Vol. 10 § 2720. Thus, on the basis of B & L's motion for summary judgment, it would be appropriate to grant summary judgment, if deserved, to the opposing party, the Government.

■ While great care must be exercised to assure that the original movant has had an adequate opportunity to show that there is a genuine issue and that his opponent is not entitled to judgment as a matter of law, Wright & Miller, supra, this requirement has been met in the instant case. B & L argued its "cross-motion" for summary judgment as if the Government had asked for a full summary judgment. Consideration of the question of full summary judgment for both parties at this time is both fair to B & L and in keeping with the purpose of Rule 56 to expedite the disposition of cases. Cf. Wright & Miller, supra; United States v. Franklin Federal Savings and Loan Association, 140 F.Supp. 286 (D.C. Pa. 1956).

The indemnity clause in the lease relied upon by B & L reads:

### 16. INDEMNIFICATION AND LIABILITY:

Lessee (Legislature of the Virgin Islands) will indemnify Lessor (B & L) and save it harmless from and against any and all claims, actions, damages, liability and expense in connection with loss of life, personal injury and/or damage to property arising from or out of any occurrence in, upon, or at the leased premises, or the occupancy or use by lessee of the leased premises or any part thereof, or occasioned wholly or in part by any act or omission of lessee, its agents, contractors, employees, servants, lessees or concessionaires. In case lessor shall, without fault on its part, be made a party to any litigation commenced by or against lessee, then lessee shall protect and hold lessor harmless and shall pay all costs, expenses, and reasonable attorney's fees incurred or paid by lessor in connection with such litigation. Lessee shall also pay all costs, expenses and reasonable attorney's fees that may be incurred or paid by lessor in enforcing the covenants and agreements in this lease.

88

The Government claims that this clause represents an unfunded indebtedness of unlimited proportion contracted for in violation of law. We concur.

The applicable statutes relative to this issue are 31 V.I.C. §§ 248 and 249(a), and 33 V.I.C. § 3101.

### 31 V.I.C. § 248

No contract or purchase on behalf of the government shall be made unless the same is authorized by law or is under an appropriation adequate to its fulfillment.

### 31 V.I.C. § 249

Any purchase order or contract executed in violation of this chapter and of the rules and regulations promulgated for its enforcement, shall be null and ineffective and, if public funds have been expended in relation therewith, the amount so expended may be recovered in behalf of the Government of the Virgin Islands through proper action instituted for such purpose.

### 33 V.I.C. § 3101

No officer or employee of the Virgin Islands shall make or authorize an expenditure from, or create or authorize an obligation under, any appropriation or fund in excess of the amount available therein; nor shall any such officer or employee involve the government in any contract or obligation for payment or money for any purpose, in advance of appropriations made for such purpose, unless such contract or obligation is authorized by law.

In interpreting the meaning of these statutes, it is helpful to look to the interpretation given the federal laws they were patterned after. 31 V.I.C. § 248 follows exactly the language of 41 U.S.C. § 11(a) but for the substitution of the word "government" for the words "United States" and the excision of the Armed Forces exception of the federal statute. 33 V.I.C. § 3101 reiterates 31 U.S.C. § 665(a) but for the substitution of the words "Virgin Islands" for the words "United States". The two federal statutes are to be construed together, 15 Op. Atty. Gen. 209 (1877), 19 Op. Atty. Gen. 650 (1890); it would likewise be appropriate to construe the Virgin Islands sections together.

The validity of an indemnity clause in a Government contract requiring indemnity from the Government has been decided under federal statutes. Referring to 31 U.S.C. § 665, the Court of Claims in

California-Pacific Utilities Company v. United States, 194 Ct. Cl. 703, 715 (1971) wrote:

> The United States Supreme Court, the Court of Claims and the Comptroller General have consistently held that absent an express provision in an appropriation for reimbursement adequate to make such payment, section 665 proscribed indemnification on the grounds that it would constitute the obligation of funds not yet appropriated. Chase v. United States, 155 U.S. 489 (1894); Hooe v. United States, 218 U.S. 322 (1910); Sutton v. United States, 256 U.S. 575 (1921); Leiter v. United States, 271 U.S. 204 (1926); Goodyear Co. v. United States, 276 U.S. 287 (1928); Shipman v. United States, 18 Ct. Cl. 138 (1883); City of Los Angeles v. Comp. Gen., 35 Comp. Gen. 85 (1955).

The decision of the Comptroller General in 35 Comp. Gen. 85 (1955) notes the indefinite and unlimited nature of indemnity provisions. This decision cites 41 U.S.C. § 11 as well as 31 U.S.C. § 665 in holding that a contracting officer exceeds his authority in including an indemnity provision in a building lease and thus these provisions did not impose any legal obligation on the Government.

■ It is clear, then, that under the federal statutes, 41 U.S.C. § 11 and 31 U.S.C. § 665, this indemnity provision in the Senate Building lease would be illegal as an attempt to subject the government to liability beyond available appropriations. Interpreting the Virgin Islands statutes as parallel to the federal statutes likewise invalidates the indemnity clause in the Senate Building lease.

The plain language of the Virgin Islands statutes, absent any guidance from federal precursor statutes, leads to the same conclusion. 33 V.I.C. § 3101 forbids an officer or employee of the Virgin Islands to authorize an obligation under appropriation in excess of the available funds; per se this is the situation with the unlimited potential liability of an indemnity clause.

■■ The effect of a violation of 33 V.I.C. § 3101 is to render the unauthorized contract or contract clause null and ineffective against the Government. The general rule is that a government is not bound by an agreement entered into by one of its agents unless the agent acts within the scope of his authority. Prater v. United States, 612 F.2d 157 (5th Cir. 1980), on rehearing 618 F.2d 263; Yosemite Park v. United States, 582 F.2d 552 (Ct. Cl. 1978); In re Hooper's Estate, 359 F.2d 569 (3rd Cir. 1966), certiorari denied Marine National Exchange Bank v. Government of the Virgin Islands, 385 U.S. 903;

Reese v. Government of the Virgin Islands, 277 F.2d 329, 332–33 (3rd Cir. 1960), 4 V.I. 177, 184. Among the justifications for this rule are that those who deal with a Government or officer are deemed to have notice of the limitations of his authority, and also that although a private citizen might be estopped in a similar situation, the public should not suffer for the act or representation of a single Government agent, especially where that act or representation is in violation of law. California-Pacific Utilities Company v. United States, supra at 720.

These justifications apply here. Those contracting with the Government should be on notice that an indemnity clause would be ineffective against the Government; and the public should not have to suffer for an illegal lease provision in a contract entered into by the Legislature. Thus, this indemnity clause in the Senate Building lease places no obligation on the Government of the Virgin Islands.

█ 31 V.I.C. § 248 requires that a contract be under an adequate appropriation (not the case here), *or* authorized by law. An argument could be made that this contract was "authorized by law" in that the Revised Organic Act of 1954, § 6(e) states that:

> Each member of the legislature shall be paid such compensation and shall receive such additional allowances or benefits as may be fixed under the laws of the Virgin Islands. Such compensation, allowances, or benefits, together with all other legislative expenses, shall be appropriated by, and paid out of funds of, the government of the Virgin Islands.

While quite general, this statutory authorization could possibly be construed as "authorizing" a lease contract such as the one signed between the Legislature and B & L for the Senate Building. However, the requirement that legislative expenses shall be appropriated by the government of the Virgin Islands returns us to the same situation: an obligation which exceeds appropriations is not authorized by the language of § 6(e). As an indemnity clause in a government contract cannot be under an adequate appropriation, and the clause is not authorized by law in this situation, this violation of 31 V.I.C. § 248 makes the indemnity clause "null and ineffective" in the language of 31 V.I.C. § 249(a).

The statutes talk in terms of "contract" whereas this opinion has dealt only with the indemnity clause in this lease. Severing the contract in this way, however, has previously been found appropriate in the context of voiding a contract pursuant to §§ 248 and 249 of Title 31. Cf. Sargeant v. Government of the Virgin Islands, 10 V.I. 245

(D.C.V.I. 1973). Furthermore, the Restatement of Contracts § 603 notes:

> A bargain that is illegal only because of a promise or a provision for a condition, disregard of which will not defeat the primary purpose of the bargain, can be enforced with the omission of the illegal portion by a party to the bargain who is not guilty of serious moral turpitude unless this result is prohibited by statute. Recovery is more readily allowed where there has been part performance of the legal portion of the bargain.

This opinion, then, does not decide the question of the validity or invalidity of the lease as a whole. Rather, decision here is limited to the finding that the indemnity clause of the lease does not bind the Government.

■ While the third-party complaint of B & L is basically bottomed on the indemnity clause in the lease, that complaint also mentions a claim for contribution. Contribution involves join tortfeasors; but the Government of the Virgin Islands has already fulfilled its obligation to Ms. Richards through its payment to her of Workmen's Compensation benefits. Where an insured employer has paid an employee in accordance with the Workmen's Compensation Act, this is the exclusive remedy of the employee against employer. 24 V.I.C. § 284. Contribution differs from indemnity in that with contribution, plaintiff proceeds directly against parties liable to each other. This case parallels Stipe v. Thomas, Civil No. 78-126 (D.C. St. Thomas, filed January 18, 1979) as to this issue. There the Court wrote:

> Accordingly, since the Government by virtue of its compliance with the Workmen's Compensation Act is not liable to plaintiff and as a result, not a "joint tort-feasor" with defendant, it follows that the Government cannot be compelled to contribute to any judgment recovered by plaintiff against this defendant. See Horn v. Standard Engineering Co., 416 F.Supp. 1168 (D.S.D. 1976); 2A Larson, Workmen's Compensation Law § 76.21 (1976).

See also Restatement (Second) of Torts § 886A, comment g (1979).

As the claim for contribution and the claim based on the lease indemnity clause both fail, B & L cannot prevail on its third-party complaint. As no claims remain against the third-party defendant, full summary judgment is appropriate and the case will be dismissed against the Government of the Virgin Islands.

## ORDER

For the reasons stated in the memorandum opinion of even date,

IT IS HEREBY ORDERED

That summary judgment dismissing the third-party complaint be, and hereby is, entered in favor of third-party defendant, Government of the Virgin Islands against third-party plaintiff, B & L Development, Inc.