**FREEMAN ASSOCIATES CARIBBEAN, INC. and THE NATIONAL AMERICAN INSURANCE COMPANY OF NEW YORK, Plaintiffs**

v.

**GOVERNMENT OF THE VIRGIN ISLANDS, Defendant**

Civil No. 80-254

District Court of the Virgin Islands

Div. of St. Thomas and St. John

June 2, 1983

FREDERICK G. WATTS, ESQ., VIRGINIA D. HUTCH, ESQ. (LOUD, WATTS & MURNAN), St. Thomas, V.I., *for plaintiffs*

EDWARD A. WASCO, ESQ., Assistant Attorney General (Department of Law), St. Thomas, V.I. *for defendant*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

In this action for equitable indemnity, defendant has moved the Court for dismissal of the complaint, Fed. R. Civ. P. 12(b)(1) or, in the alternative, for summary judgment. Fed. R. Civ. P. 56.

## I. PROCEDURAL BACKGROUND

Plaintiffs seek to recover from defendant the sum of $264,000.00 which they paid in 1979 in satisfaction of a judgment entered in a separate personal injury action. Lentz v. Kopenski, Civ. No. 76-325 (D.V.I. filed May 19, 1976). That action arose from an automobile collision which had occurred on what is now called Weymouth Rhymer Highway in St. Thomas on February 2, 1976. The plaintiff Lentz originally sued Kopenski (the driver of the vehicle with which he collided) and subsequently filed an amended complaint which added as defendants Eugene Smith (for his negligence in constructing the road), Freeman Associates Caribbean, Inc. (F.A.C.) (for its negligence in the design of the road) and the Government of the Virgin Islands (for its negligence in improperly maintaining the roadway).

The late Judge Warren H. Young ruled before trial that the case against the Government was to be tried separately and without a jury in accordance with § 3413 of the Virgin Islands Tort Claims Act. As the jury's determinations of damages and the proportionate fault (if any) among the private party defendants would be independent from the court's determinations as to the Government's liability, the Court set forth (in advance) a mathematical procedure to reconcile the various awards.[1] Lentz v. Freeman Associates Caribbean, Inc., 441 F.Supp. 892, 896 (D.V.I. 1977).

With respect to the private defendants, the jury found Leola Kopenski and F.A.C. liable to plaintiff for damages determined to be $350,000.00. The jury attributed seventy percent of the fault to Kopenski and thirty percent of the fault to Freeman Associates.

---

[1] ". . . judgment will be entered against the private party defendants, jointly and severally, pursuant to the verdict of the jury; . . . judgment will be entered against the government pursuant to the Court's findings, subject to the [$25,000.00] limitation of 33 V.I.C. § 3411(c); . . . plaintiff may receive no more than the greater of the two judgment awards; and . . . the Court will effect a merger of the two judgments for the sole purpose of computing the ultimate liability of all defendants to each other for contribution [in accordance with 5 V.I.C. § 1451 (d)]."

With respect to the Government, the Court determined that plaintiff was entitled to an award of damages against the Government in excess of the statutory limitation. Hence, plaintiff was awarded the highest amount permitted by the Tort Claims Act—$25,000.00. On March 26, 1979, in accordance with the contribution procedure set forth by the Court, the subrogee of F.A.C. paid the sum of $264,000.00 in full satisfaction of the judgment entered against it in the action docketed at 76-325.

By the present action, F.A.C. and its subrogee seek to recover from the Government the amount of the judgment (plus attorneys' fees) paid in the previous proceeding.

## II. DISCUSSION

A. *Motion To Dismiss: Application of the Virgin Islands Tort Claims Act*

■ Defendant urges dismissal of the complaint for lack of subject matter jurisdiction on the basis that plaintiffs have failed to comply with the notice and filing provisions contained in the Virgin Islands Tort Claims Act, 33 V.I.C. §§ 3408–3415. However compliance with the Tort Claims Act is a jurisdictional predicate only where the conduct of the Government at issue is alleged to be tortious. Dublin v. Virgin Islands Telephone Corp., 15 V.I. 214, 228 (Terr. Ct. 1978). See also, § 2(b) of the Revised Organic Act of 1954, 48 U.S.C. § 1541(b) ("The government . . . shall have the right to sue . . . and in such cases arising out of contract, to be sued . . ."). We have no hesitation in holding that the present claim does not sound in tort.

■ The theory upon which these plaintiffs rest their cause of action is that the contractual relationship between F.A.C. and the Government created an implied duty of indemnification in accordance with section. 90 of the Restatement of Restitution (1936) ("Person Acting At the Direction of And On Account of Another"). It is true that in Dublin, the Court rejected as "illogical" the view that the claim of a joint tortfeasor for indemnity or contribution against a co-defendant be characterized as "quasi-contractual." Accordingly, the Court held that at least with respect to a third-party complaint or cross claim for restitution against the Government—where the underlying action sounds in tort—the filing and notice obligations of the Tort Claims Act would apply. However, the present claim is set forth in an action *independent* of the tortious conduct for which the Government and F.A.C. were found liable to third par-

ties, and is founded solely on implied or equitable obligations inter se with respect to the supervision and control of the road construction project.

■ For the foregoing reasons we conclude that the Virgin Islands Tort Claims Act is inapplicable to the case sub judice and that the Court may therefore properly exercise jurisdiction over the subject matter without reference to the notification requirements (or to the recovery limitations[2]) set forth in the Act.

B. *Motion For Summary Judgment: The Availability of Equitable Indemnity*

Defendant makes the alternative argument that the obligation which plaintiffs now seek to enforce represents an "unfunded indebtedness" which is void ab initio under the terms of 31 V.I.C. § 248 ("unauthorized purchases") and § 249(a) and 33 V.I.C. § 3101 ("Expenditures or contracts in excess of appropriations") and hence unenforceable.

The cited provisions of the Virgin Islands Code "forbid[ ] an officer . . . of the Virgin Islands to authorize an obligation under appropriation in excess of the available funds"—including a contractual indemnity obligation. Richards v. B and L Development, Inc., 18 V.I. 85, 90 (D.V.I. 1980).

In Richards a Government contracting officer had agreed to an express indemnity provision in a building lease which, by its own terms, required the Government as lessee to indemnify its lessor for claims paid to third parties. The plaintiff Richards brought[ suit against the lessor for injuries sustained on the premises. Relying on the indemnity provision of the lease, the lessor impleaded the Government, demanding to be "held harmless" for any expenses which might arise from the Richards action.

On cross motions for summary judgment, the Court found that because the indemnity agreement in question exposed the Government to "unlimited potential liability" to third parties, its enforcement "would be illegal as an attempt to subject the government to liability beyond available appropriations." Id. at 365. In granting judgment for the Government and refusing to enforce the indemnity agreement, the Court relied upon decisions which had denied

---

[2] The fact that the Government has been found liable to third parties for the full amount allowed under the Tort Claims Act ($25,000.00) based upon its *negligent* acts, in no way precludes its subsequent liability to a proper indemnitee based on its *implied contractual* obligations.

enforcement of indemnity clauses on the basis of an identical federal prohibition of "unfunded indebtedness" contained in 31 U.S.C. § 665 and 41 U.S.C. § 11. See, California Pacific Utilities Co. v. United States, 194 Ct. Cl. 703, 715 (Ct. Cl. 1971) ("absent an express provision in an appropriation for reimbursement adequate to make such payment, section 665 [the counterpart to 33 V.I.C. § 3101] proscribes indemnification on the grounds that it would constitute the obligation of funds not yet appropriated."); and 35 Comp. Gen. 85 (1955).

■ Plaintiffs attempt to draw a distinction between the *contractual* theory of indemnification relied upon in Richards and the *common law* or *implied* theory on which they rest. However, in construing the analogous federal restrictions on government indebtedness, the United States Supreme Court, in Sutton v. United States, 256 U.S. 575, 580, (1921), held as follows:

> The limitation upon the authority to impose contract obligations upon the [government] is applicable to contracts by implication as it is to those expressly made.

See also, Hooe v. United States, 218 U.S. 322 (1910), aff'g. 43 Ct. Cl. 245 (1908).[3] It is true that common law indemnification is strictly an equitable remedy which may be granted without regard to express or even implied contractual provisions. See Restatement of Restitution, supra at 1. ("The Restatement . . . deals with situations in which one person is accountable to another on the ground that otherwise he would unjustly benefit or the other would unjustly suffer loss"). It would, however, surely produce an anomalous result if those parties who contract with the Government of the Virgin Islands could sidestep the restrictions of 31 V.I.C. § 248 and 33 V.I.C. § 3101 by the simple expedient of pursuing an equitable, noncontractual indemnity claim.

■ Having found that the recovery which plaintiffs seek would subject the Government to an obligation "in excess" of funds lawfully authorized for the F.A.C.-Government contract, we must grant defendant's motion. Although plaintiffs have, in the Court's view, stated a strong claim for equitable restitution under the facts presented, we are constrained by the prohibitory language of §§ 248

---

[3] In Sutton, plaintiff unsuccessfully sought to enforce an implied promise to pay for work in excess of that expressly agreed to. In Hooe, plaintiff unsuccessfully sought to enforce the implied constitutional duty to make just compensation for property taken for public purposes. No cases could be found which addressed the implied duty of indemnification.

and 3101 as well as applicable case precedent from permitting such recovery.[4] As there remain no genuine legal issues in this matter, judgment will enter for the defendant.

## ORDER

The premises considered and the Court being fully advised,

IT IS ORDERED that the motion of defendant for summary judgment be, and the same is hereby, GRANTED.

---

[4] In this regard, see Heyl & Patterson International, Inc. v. F. D. Rich Housing of the Virgin Islands, Inc., 663 F.2d 419, 435 (3rd Cir. 1981) in which the Court very reluctantly affirmed a judgment for the defendant Government in a breach of contract action on the basis of "valid technical objections" including those grounded on 33 V.I.C. § 3101 and 31 V.I.C. § 248 and § 249.