## 32203. HOLLOWAY v. GIDDENS.

HALL, Justice.

Holloway, the proposed buyer, sought specific performance of his alleged contract with Giddens for the sale of land. The trial court entered summary judgment for Giddens, and Holloway appeals.

It is generally true that on appeal the burden lies on appellant to show error; but where summary judgment has been granted the record must be adequate to show affirmatively that no substantial question of fact remained, or else the entry of the judgment will be reversed on appeal. 6 Moore's Federal Practice, 56-1554 et seq. (1976).

The order appealed from stated that it was based upon (1) the pleadings and exhibits, (2) *the testimony of Holloway given under oath,* and (3) *the depositions of the parties given in another case.* Items numbered 2 and 3 were not a part of the record before us, and we requested the clerk of this court to enquire of the court below whether these items existed in the record there. See Code Ann. § 6-809 (b); *Interstate Financial Corp. v. Appel,* 233 Ga. 649 (212 SE2d 821) (1975). They did, and the record has now been supplemented with these items.

The record shows that Holloway planned to purchase land from Giddens. The sales contract was dated April 16,

1975, and called for closing on or before April 25, 1975. It said time was of the essence. It is undisputed that closing never occurred. Holloway alleges that a May 12, 1975 oral amendment extended the closing to and through May 12, 1975, and that a written amendment dated the same day governed their splitting certain profits on corn and peanuts. After repeated failures of the parties to close on various subsequent days, Giddens returned Holloway's $5,000 earnest money, which Holloway then spent.

Giddens denied that the closing date was extended and moved for summary judgment. The trial court found (1) the earnest money check had been returned and cashed by Holloway, constituting a rescission; (2) the contract was not extended by a writing supported by consideration and therefore terminated on April 25, 1975, before Holloway was able to close; (3) the contract language that "the $5,000 earnest money is paid subject purchaser getti [sic] financing from Southwest Production Credit Association" is unenforceable for vagueness.

It is apparent from reading the record that both Holloway and Giddens are accustomed to handling their business affairs in an extremely off-hand, verbal-agreement manner. Such casualness necessarily works to the disadvantage of the one who later seeks specific performance of an "agreement" which cannot then be established.

Without reference to what the status of this on-again, off-again contract might have been prior to Giddens' giving Holloway a refund of his $5,000 earnest money, the fact remains that when the refund check came Holloway cashed it right away: "I took this check and cashed it as soon as I could get my hands on it, about 12 days after Harvey refused to close that contract because he had already got me for 50 [thousand] and he sho' wasn't going to get me for no more." Holloway now contends that he cashed the check to mitigate damages, but there is absolutely nothing in the record even to suggest this as a motive. The $50,000 that Giddens had allegedly "got" him for, pertained to a wholly separate deal on another piece of land. The record shows no damages to be mitigated on this deal, nor any intent to mitigate them.

The circumstances surrounding the sending and

cashing of the refund check are adequate to show that both parties intended to walk away from this contract, which was thereby rescinded. Holloway cannot be awarded specific performance of this contract — assuming without deciding that it was still in existence — when his acts showed that he failed to affirm its continuing existence. *Allen Housemovers v. Allen,* 135 Ga. App. 837 (219 SE2d 489) (1975). Cf. *Kirk v. First Ga. Invest. Corp.,* 239 Ga. 171 (1977).

" 'Parties may by mutual consent abandon an existing contract between them so as to make it not thereafter binding and the contract may be rescinded by conduct as well as by words. *Hennessy v. Woodruff,* 210 Ga. 742 (82 SE2d 859); *Shoup v. Elliott,* 192 Ga. 858, 861 (16 SE2d 857).' *Dowling v. Southwell,* 95 Ga. App. 29 (1) (96 SE2d 903). *Seaboard C. L. R. Co. v. Metzger,* 126 Ga. App. 178 (1) (190 SE2d 156) (1972).

"This court in *Crutchfield v. Dailey,* 98 Ga. 462, 463 (25 SE 526), quoted with approval the following statement from 21 Am. & Eng. Enc. of Law: 'While a valid executed contract cannot be discharged by a simple agreement, but only by performance, by release under seal, or by an accord and satisfaction, one that is executory, that is, one that has not been acted upon, may be discharged by an agreement of the parties that it shall no longer bind either of them. The consideration on the part of each is the other's renunciation.' In *Pope v. Thompson,* 157 Ga. 891 (122 SE 604), it was held that an executory contract for the sale of land, evidenced in writing, may be rescinded by mutual consent of the parties, either by novation or simple agreement, and that such agreement may be in parol as well as in writing." *Loadman v. Davis,* 210 Ga. 520, 522 (81 SE2d 465) (1954).

Enumeration of error one is without merit. It seeks to raise an objection to evidence which the record does not show to have been raised in the trial court. The remaining three enumerations have been decided by the discussion above.

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 13, 1977 — DECIDED JUNE 8, 1977

*Katz, Paller & Land, G. Roger Land, John E. Robinson,* for appellant.
*Smith & Jones, William E. Smith,* for appellee.