Frank D. LOVELL, Plaintiff-Appellant,

v.

UNKNOWN FEDERAL CORRECTIONAL OFFICERS, Jack Hanberry, Warden, etc., et al., Defendants-Appellees.

No. 79–1104

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

May 18, 1979.

Frank David Lovell, pro se.

William L. Harper, U.S. Atty., William E. Turnipseed, Asst. U.S. Atty., Atlanta, Ga., for defendants-appellees.

Before AINSWORTH, GODBOLD and VANCE, Circuit Judges.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

PER CURIAM:

Lovell left the Atlanta penitentiary on a writ ad testificandum in June 1977. When he was returned in September he allegedly discovered that various items of personal property were missing from his cell.[1] On September 9 he filed an administrative claim under the Federal Tort Claims Act claiming a loss of $300 dollars. On or about the same day he filed a request for administrative remedy. The latter was denied with a suggestion that he should file a tort claim. He appealed to the Regional Director of the Bureau of Prisons, and the appeal was denied on the basis that he must pursue the tort claim which he had filed, the administrative remedy procedure not being the proper method. From that determination Lovell appealed to the General Counsel, Bureau of Prisons, who gave the same response as the Regional Director had.

On October 26 the Bureau of Prisons acknowledged receipt of the tort claim and told Lovell that before it could act he must furnish proof of his ownership and the value of each item claimed. It sent him a form to complete these requirements. On November 9 Lovell resubmitted the same list of items, with minor changes, but gave no values. The form called for the names and addresses of witnesses, and he declined to disclose them. Along with the form Lovell wrote the Bureau that he desired his claim either granted or denied, that he was "merely exhausting this remedy" because he believed there was no remedy available within the Bureau of Prisons, and that if the Bureau felt that he had lied as to ownership of the property it was free to deny the claim.

Later, February 9, 1978, Lovell submitted by letter three forms, "Inmate Personal Property Record", dated May 1976, showing that he owned assorted pencils, assorted books, photographs, walking shorts, sweatsocks, and three legal brief folders. The forms did not delineate the value of any item. Thereafter, in a succession of letters to the Bureau of Prisons Lovell asked for a response, asked whether his documents had been received, and asked for a decision on his tort claim. He received no response and in October 1978 sued in federal district court under the Federal Tort Claims Act. He attached to his complaint an exhibit purporting to show the purchase of gym shorts for $2.50, the first information on value that had ever been furnished.

We agree with the district judge that Lovell did not exhaust his administrative tort claim, which is a condition precedent to suit. Arguably the government cannot insist upon documentary proof of ownership of small personal items. Also Lovell should have been given some response to his claim. But even if it were assumed that Lovell was the owner of the items listed, there was no way that the government could act to pay his claim if it felt it should be paid. Lovell gave no values, not even his own estimate, but only a gross figure of $300 which, on the face of the claim, far exceeded any reasonable estimate of valuation. His failure to give values must be viewed in the context of his own statements that he was "merely exhausting" and that his claim should be denied. It takes more than this to require the courts to crank up their elaborate machinery to adjudicate a claim.

AFFIRMED.

---

1. "Forty asst felt pens; 1 scotch tape; 3 ballpoint pens; 3 large legal folders; 1 pair converse sneakers; 2 pair sweatpants; 1 gym shorts; 1 legal book; 6 large marking pens; picture of my woman torn."