Frances C. PRATER, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 79–2527
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Feb. 20, 1980.

Thomas R. Burnside, Jr., Augusta, Ga., for plaintiff-appellant.

Edmund A. Booth, Jr., Asst. U. S. Atty., Augusta, Ga., for defendant-appellee.

* Fed.R.App.P. 34(a); 5th Cir.R. 18.

Before GODBOLD, REAVLEY and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant, Frances Prater, conveyed 59.45 acres of land in Lincoln County, Georgia, to the federal government in 1950. The government purchased the land, in connection with the Clark Hill Dam and Reservoir project, for $25.23 per acre. The complaint avers that the value of the property was substantially in excess of the purchase price, and that it was conveyed on an oral promise by Ethan Allen that so much of the property as lies above 335 feet and which does not lie within the flood plain, created by the project, could be repurchased on demand by Prater for the purchase price. Allen assisted in negotiating the sale for the government and was Project Officer for the Real Estate Division of the Savannah District of the Army Corps of Engineers at the time.

Subsequent to the alleged promise by Allen, Prater executed an option for the purchase of land in favor of the United States. Paragraph 12 of that option contained a merger clause providing that all terms of the option were contained in the writing and that no representative of the government had made any promise with respect to the option not contained in the writing.

In September of 1977, Prater demanded a reconveyance of the property, or so much of it as satisfied the conditions specified by Allen, and she tendered a check to the Corps of Engineers for $1500. The government refused the demand through the Chief of the Acquisition Branch of the Real Estate Division of the Corps. Prater then brought this suit seeking to have the land "impressed with a trust," "partitioned," and conveyed to her pursuant to Allen's oral promise.

The government subsequently filed a motion to dismiss or in the alternative for summary judgment. It asserted that the lower court lacked subject matter jurisdiction. In the alternative, if the court had jurisdiction under 28 U.S.C. § 2409a (1976), the government contended that the action was time barred by 28 U.S.C. § 2409a(f) (1976). Finally, the government argued that Allen lacked authority to bind the government; any assertions which were made do not bind the government; and no trust arose as a result of the alleged promise. The trial court, considering the pleadings, depositions, exhibits, and affidavits, treated the motion as one for summary judgment and granted the motion because it found no genuine issue of material fact and that the government was entitled to prevail as a matter of law. Prater appeals.

The complaint alleges that jurisdiction is founded upon 28 U.S.C. § 2409 (1976) and 28 U.S.C. § 1346(f) (1976). Section 2409,[1] however, cannot serve as the basis of jurisdiction for this suit. That statute is a waiver of sovereign immunity for partition suits in which the United States is a joint tenant or a tenant in common, but it does not confer subject matter jurisdiction on the district courts. Rather, subject matter jurisdiction for these suits is conferred by 28 U.S.C. § 1347 (1976).[2] But before Prater can seek to partition land under this statute, she must clearly establish tenancy in common or joint tenancy. The statute cannot be used as the basis of a suit against the United States to assert a superior interest in realty. *Stanton v. United States*, 434 F.2d 1273 (5th Cir. 1970).

---

1. 28 U.S.C. § 2409 (1976) provides, in pertinent part:

   Any civil action by any tenant in common or joint tenant owning an undivided interest in lands, where the United States is one of such tenants in common or joint tenants, against the United States alone or against the United States and any other of such owners, shall proceed, and be determined, in the same manner as would a similar action between private persons.

2. 28 U.S.C. § 1347 (1976) provides:

   The district courts shall have original jurisdiction of any civil action commenced by any tenant in common or joint tenant for the partition of lands where the United States is one of the tenants in common or joint tenants.

Section 1346(f) [3] confers subject matter jurisdiction on the federal courts in actions to "quiet title" in real estate, under 28 U.S.C. § 2409a (1976), in which the United States claims an interest. The government submits, however, that the present suit is more in the nature of an action to reform the deed and is beyond the pale of section 2409a.[4] In addition, the government reiterates its position that the action is barred by the twelve year statute of limitations found in 28 U.S.C. § 2409a(f) (1976).

While the grant of subject matter jurisdiction found in section 1346(f) refers to actions under section 2409a as "quiet title" actions, we do not think Congress meant to restrict the jurisdiction of the district courts to actions which conform strictly with the common law action to quiet title, with all its trappings. Section 2409a, which was enacted contemporaneous-ly with section 1346(f), waives sovereign immunity in all suits to "adjudicate a disputed title to real property." The legislative history of section 2409a also indicates that Congress meant to permit actions which may not have been properly labeled as actions to quiet title at common law.[5] The statutory language and legislative history of section 2409a convinces us that the lower court had jurisdiction to adjudicate this claim under 28 U.S.C. § 1346(f) (1976).

We pretermit the invitation to resolve the dispute over whether the action is barred by limitations because, assuming *arguendo* that the action was timely, the government is not bound even if Allen did make the promise.

Any oral promise made by Allen would have been contrary to Corps of Engineer regulations. Specifically, § 5205.01h [6]

3. 28 U.S.C. § 1346(f) (1976) provides:
   (f) The district courts shall have exclusive original jurisdiction of civil actions under section 2409a to quiet title to an estate or interest in real property in which an interest is claimed by the United States.

4. 28 U.S.C. § 2409a provides, in pertinent part:
   (a) The United States may be named as a party defendant in a civil action under this section to adjudicate a disputed title to real property in which the United States claims an interest, other than a security interest or water rights. This section does not apply to trust or restricted Indian lands, nor does it apply to or affect actions which may be or could have been brought under sections 1346, 1347, 1491, or 2410 of this title, sections 7424, 7425, or 7426 of the Internal Revenue Code of 1954, as amended 26 U.S.C. §§ 7424, 7425, and 7426, or section 208 of the Act of July 10, 1952 (43 U.S.C. § 666).

5. The House Report, discussing the bill, indicates the statute is not wed to the historical forms of action:
   The history of this type of action goes back to the Courts of England. Suits to quiet title or to remove a cloud on title originated in the equity court of England. They were in the nature of bills *quia timet*, which allowed the plaintiff to institute suits when an action would not lie in a court of law. For instance, a plaintiff whose title to land was continually being subjected to litigation in the law courts could bring a suit to quiet title in a court of equity in order to obtain an adjudication on title and relief against further suits. Similarly, one who feared that an outstanding deed or other interest might cause a claim to be presented in the future could maintain a suit to remove a cloud on title. Under old English practice, the plaintiff in such suits was required to be in possession, and the usual grounds of equitable jurisdiction (an imminent threat and an inadequate remedy at law) had to be present. *This, of course, is merely included to show the history of this type of action.* (Emphasis supplied) H.R.Rep.No.92-1559, *reprinted in* [1972] U.S.Code Cong. & Admin.News, pp. 4547, 4551.
   The Report's discussion of the limitations bar found in the statute also indicates a broad range of actions under the provision was contemplated by Congress:
   Subsection (f) is different from the original proposal, but this is the language recommended by the Department of Justice in its letter of September 20, 1972, which was referred to above. As that letter stated, the Department is willing to accept this provision making the provisions added by the bill retroactive for twelve years. This is intended to give persons claiming *right, title or interest* in real property in which the United States claims an interest, that period in which to bring suit. As was noted by the Department, the period is fixed in this manner so that the Government will not have to defend against state [sic] claims. (Emphasis supplied) *Id.* U.S.Code Cong. & Admin.News 1972, at 4550.

6. § 5205.01h provided:
   h. *Oral agreements to be avoided.* The negotiator has no authority to obligate the Government in any manner whatsoever. He

and § 5205.02b(1)[7] of Chapter V, Part II, Section 5, concerning acquisition by direct purchase, prohibited such promises. Allen had no actual authority to bind the government to recovery. Nor will theories of apparent authority or estoppel achieve a different result. It is well established that the federal government will not be bound by agreement entered into by one of its agents unless the agent acts within his actual authority. *Federal Crop Ins. Corp. v. Merrill,* 332 U.S. 380, 68 S.Ct. 1, 92 L.Ed. 10 (1947); *Dresser Industries, Inc. v. United States,* 596 F.2d 1231, 1236–37 (5th Cir. 1979); *United States v. State of Florida,* 482 F.2d 205, 209–210 (5th Cir. 1973); *Posey v. United States,* 449 F.2d 228, 234 (5th Cir. 1971).

*Harrison v. Phillips,* 185 F.Supp. 204 (S.D. Tex.1960), *aff'd* 289 F.2d 927 (5th Cir. 1961), *cert. denied,* 368 U.S. 835, 82 S.Ct. 62, 7 L.Ed.2d 37 (1961) is factually similar. In that case the plaintiff conveyed a tract of land to the government in 1945 after oral promises by Coast Guard representatives that an Act of Congress allowed repurchase if the land were declared surplus and the government ceased to use it. The Act was repealed four years later and in 1960 the land was declared surplus. The court found that the action to establish plaintiffs' right to repurchase the property failed to state a claim upon which relief could be granted. In response to an argument that the representatives told plaintiff that he would have the unrestricted right to repurchase the property, the court found no statute which gave the representative this authority, so any statements by them were found not to be binding on the government. *Id.* at 207.

The rationale of these cases should not be undercut by invoking a trust mechanism.[8] To impress a trust in favor of Prater to hold the tract pursuant to the promise to recovery is to disregard the principle that the government is not bound by the unauthorized acts of its agent.

Since the district court properly concluded that there are no material disputed facts and the government is entitled to prevail as a matter of law, the judgment of the lower court is AFFIRMED.

---

must refrain from oral promises or understandings and include all terms and conditions in the written option.

7. § 5205.02b(1) provided:
   b. *Determination and by whom.* (1) Options will not be negotiated containing reservations or exceptions by landowners or subject to outstanding rights in third parties, which may interfere with the use of the land for the purpose for which it is to be acquired. In no case will an option be negotiated in which a vendor excepts or reserves the right to re-purchase the property, or undertakes to convey subject to such right in a third party.

8. Although Prater did not identify the nature of the trust in the trial court, she argues that an implied trust was impressed on the land by virtue of Ga.Code Ann. § 108–106 (1979) on this appeal. That section provides, in pertinent part:

   Trusts are implied—
   1. Whenever the legal title is in one person, but the beneficial interest, either from the payment of the purchase money or other circumstances, is either wholly or partially in another.