**EXPEDIENT SERVICES, INC.,**
**Plaintiff-Appellant,**

v.

**A. Vernon WEAVER, Administrator,**
**Small Business Administration,**
**Defendant-Appellee.**

**No. 78–2255.**

United States Court of Appeals,
Fifth Circuit.

March 19, 1980.

David M. Foster, William H. Andrews, Jacksonville, Fla., for plaintiff-appellant.

William F. Duane, Donald E. Christopher, Asst. U. S. Attys., Orlando, Fla., for defendant-appellee.

Before TUTTLE, BROWN and TATE, Circuit Judges.

TATE, Circuit Judge:

The plaintiff, Expedient Services, Inc., appeals from the district court's denial of a preliminary injunction against the defendant, A. Vernon Weaver, the Administrator of the Small Business Administration. The district court reserved its ruling on the issue of jurisdiction and, after hearing testimony, found the plaintiff's claims to be without merit. Although we are inclined to agree with the district court's holding on the merits,[1] we are convinced that the plaintiff's suit should have been dismissed on the ground that the type of relief requested was beyond the power of the district court under 15 U.S.C. § 634(b)(1). For this reason, we affirm.

Under 15 U.S.C. § 637(a), the Small Business Administration is authorized to enter into contracts with other government agencies and then subcontract to small businesses. Pursuant to this authorization, the Small Business Administration conducts what is known as the "8(a)" program for the benefit of businesses owned or controlled by socially or economically disadvantaged persons. The plaintiff, Expedient Services, qualified under this program in 1972 and obtained a custodial contract with the Kennedy Space Center.

The plaintiff was eventually "graduated" from the 8(a) program because of its financial success, but it was able to negotiate a non-8(a) contract with the Space Center for a short period. The instant suit arose when the plaintiff learned that the Small Business Administration intended to resume inclusion of the Kennedy Space Center contract in the 8(a) program. The plaintiff sued to enjoin such a decision, because it would prevent the plaintiff from competitively bidding for the contract.

The plaintiff alleged that the court had jurisdiction under the Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq.*, but it is clear that this Act does not provide an independent grant of jurisdiction. *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 270 (1977). However, the court did have jurisdiction under 15 U.S.C. § 634(b)(1), which waives sovereign immunity by allowing the Administrator of the Small Business Administration to sue or be sued and confers jurisdiction on United States district courts to hear such suits. *Romeo v. United States*, 462 F.2d 1036 (5th Cir. 1972), *cert. denied*, 410 U.S. 928, 93 S.Ct. 1361, 35 L.Ed.2d 589 (1973). *See Mar v. Kleppe*, 520 F.2d 867 (10th Cir. 1975). Nevertheless, this case should have been dismissed because the district court lacked the authority to grant the relief requested by the plaintiff.

---

1. *See Kinnett Dairies, Inc. v. Farrow*, 580 F.2d 1260, 1270 (5th Cir. 1978); *Allen M. Campbell Construction Co. General Contractors, Inc. v. Lloyd Wood Construction Co.*, 446 F.2d 261, 265 (5th Cir. 1971) ("[A]n administrative agency's interpretation of its own regulations must be accorded the greatest deference. . . . If the agency interpretation is merely one of several reasonable alternatives, it must stand even though it may not appear as reasonable as some other.").

Section 634(b)(1) provides, *inter alia*, that no "injunction . . . or other similar process . . . shall be issued against the Administrator." This restriction appears to be more in the nature of a limitation on the waiver of sovereign immunity than a restriction of the court's jurisdiction, *compare Romeo v. United States*, 462 F.2d at 1037–38, *with Mar v. Kleppe*, 520 F.2d at 869, but regardless, a suit praying solely for injunctive relief against the Administrator is barred by the language of section 634(b)(1). Since we have determined that the sole relief prayed for in the instant case was injunctive in nature, the suit should have been dismissed.

The plaintiff initially sought to enjoin the Small Business Administration from including the Kennedy Space Center contract in the 8(a) program, but this relief is clearly barred by section 634(b)(1). *Mar v. Kleppe, supra; Romeo v. United States, supra.*[2] Upon learning that the decision to include the contract had already been made, the plaintiff orally attempted to change the relief prayed for to that of setting aside this agency decision so that there would be an opportunity to bid for the contract. Tr. 17–19. The plaintiff now asks this court to use the approach of *Mar v. Kleppe, supra*, and construe their complaint, as a whole, as requesting a form of relief that the district court had the authority to give. However, this we decline to do.

In *Mar v. Kleppe, supra*, the plaintiffs sought both injunctive relief and monetary damages. Looking at the complaint as a whole, together with a motion to reconsider and alter judgment, the court construed the request for injunctive relief as a request for a declaratory judgment and remanded for a consideration of the merits. In the instant case, however, the plaintiff's complaint cannot fairly be construed as seeking a declaratory judgment; the plaintiff still seeks re-

lief equivalent to injunctive relief. The plaintiff's request to have the agency decision set aside, *so that it would have an opportunity to bid for the contract*, is essentially no different than a request for an injunction preventing the agency from continuing to enforce its decision. *See Romeo v. United States*, 462 F.2d at 1038 (equating a request for specific performance with a request for injunctive relief and holding the suit to be barred insofar as it sought "injunctive relief in the nature of specific performance"). Since the only relief sought by the plaintiff was in essence relief that the district court lacked authority to provide, the suit should have been dismissed. Consequently, the result reached by the district court was correct.

AFFIRMED.

---

2. As pointed out by the plaintiff, there are some decisions indicating that injunctive relief against the Administrator may be available when he exceeds his authority. *See, e. g., Valley Forge Flag Co., Inc. v. Kleppe*, 165 U.S.App.D.C. 182, 184, 506 F.2d 243, 245 (D.C.Cir. 1974); *Ricks v. United States*, 434 F.Supp. 1262, 1272 (S.D.Ga.1976); *Dubrow v. Small Business Administration*, 345 F.Supp. 4, 7 (C.D. Cal.1972). However, it is not necessary for us to decide this issue because the Administrator clearly did not exceed his authority under 15 U.S.C. § 637(a).