Frances C. PRATER, Plaintiff-Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 79–2527.

United States Court of Appeals,
Fifth Circuit.

May 19, 1980.

Thomas R. Burnside, Jr., Augusta, Ga., for plaintiff-appellant.

William T. Moore, Jr., U. S. Atty., Savannah, Ga., Edmund A. Booth, Jr., Asst. U. S. Atty., Augusta, Ga., Anne S. Almy, James W. Moorman, Dept. of Justice, Appellate Sect., Land & Natural Resources Div., Attys., Washington, D. C., for defendant-appellee.

ON PETITION FOR REHEARING AND
PETITION FOR REHEARING
EN BANC

(Opinion Feb. 20, 1980, 5 Cir., 1980,
612 F.2d 157)

Before GODBOLD, REAVLEY and ANDERSON, Circuit Judges.

PER CURIAM:

We granted rehearing to dispose of the government's concern that our original opinion, *Prater v. United States*, 612 F.2d 157 (5th Cir. 1980), expands the scope of the waiver of sovereign immunity for "quiet title" suits pursuant to 28 U.S.C. § 2409a (1976) to actions seeking reformation of a deed. We did not characterize Prater's suit as one in the nature of an action to reform a deed; that label was one affixed by the government. *Id.* at 159. The opinion clearly indicates that Prater asserted equitable title to the realty, under Georgia trust law, by virtue of Allen's promise of reconveyance. Prater's summary judgment proof (the depositions of Fred Prater and Allen as well as Allen's affidavit) was sufficient to establish the promise to reconvey, and thus raise a claim of equitable title for jurisdictional purposes. *See Land v. Dollar*, 330 U.S. 731, 735 n.4, 67 S.Ct. 1009, 1010 n.4, 91 L.Ed. 1209 (1947); C. Wright & A. Miller, Federal Practice & Procedure § 1350 (1969). Because Prater claimed a right, title or interest in the property, section 2409a served as a waiver of sovereign immunity and the district court had subject matter jurisdiction to hear the case under 28 U.S.C. § 1346(f) (1976).