**Jerry CLAXTON, Plaintiff,**

v.

**SMALL BUSINESS ADMINISTRATION OF the UNITED STATES GOVERNMENT and Brown Childs Realty and Auction Company, Defendants.**

**Civ. A. No. CV680–64.**

United States District Court, S. D. Georgia, Swainsboro Division.

Oct. 30, 1981.

---

Thomas R. Taggart, Savannah, Ga., for plaintiff.

Francis W. Allen, Susan E. Warren Cox, Statesboro, Ga., Henry L. Whisenhunt, Jr., Asst. U. S. Atty., Augusta, Ga., for defendant.

## ORDER

BOWEN, District Judge.

In this action, plaintiff seeks damages for alleged breach of contract in the sale of a certain parcel of land by defendant Small Business Administration of the United States [SBA] through its agent co-defendant Brown Childs Realty Auction Company [Childs]. Plaintiff also seeks equitable relief of specific performance against the SBA. Specifically, plaintiff avers: (1) following public auction of the subject land, as organized and operated by Childs, at a price of $36,250.00, plaintiff entered into a sales contract agreement for the property with the SBA; (2) pursuant to this agreement, plaintiff paid Childs, as agent for the SBA, ten percent (10%) of the total sales price as binder and earnest money; (3) plaintiff subsequently paid the balance of the purchase price to Childs; and (4) the SBA has refused to convey title of the subject property to plaintiff and Childs has returned to plaintiff the entire purchase price.

In its answer, defendant Childs cross-claimed against the SBA seeking indemnification for any loss Childs might suffer as the result of plaintiff's civil action and monetary damages allegedly resulting from the cancellation of a loan guaranty by the SBA. Childs also counterclaimed against plaintiff alleging that the SBA loan guaranty cancellation was the result of plaintiff's institution of the present suit. The case is presently before the Court on defendant SBA's motion to dismiss.

Upon review of the SBA's memorandum of authorities, it appears that the following grounds are asserted in support of the motion to dismiss: (1) the gravamen of the complaint is in tort and thus plaintiff's failure to timely file its claim with the appropriate federal agency, as required by the Federal Tort Claims Act [FTCA], 28 U.S.C. § 2675(a), precludes federal court action; (2) since actions naming a federal agency, as opposed to the United States, as a party defendant, are not cognizable under the FTCA, 28 U.S.C. § 2679(a), the SBA is not a proper party defendant in the present case; (3) no authorized official of the SBA approved conveyance of the subject property to plaintiff and thus no valid contractual agreement exists which may be subject to the equitable remedy of specific performance; and (4) assuming a valid agreement exists, 28 U.S.C. § 2409a would not provide a statutory basis for plaintiff's claim. Since Childs' cross-claim has been dismissed without prejudice, this order will consider the SBA's motion only as it relates to the main claim.

I

Before considering the merits of defendant's motion to dismiss, it is useful to first set the bounds of the Court's consideration. The motion of the SBA is seemingly premised on Fed.R.Civ.P. 12(b)(1), lack of subject matter jurisdiction, and Fed.R.

Civ.P. 12(b)(6), failure to state a claim upon which relief can be granted. Ordinarily, a Rule 12(b)(1) motion to dismiss for want of subject matter jurisdiction may take two forms: (1) a facial attack on the complaint, in which the court must consider the allegations as true and determine whether a sufficient basis for subject matter jurisdiction has been alleged; and (2) a factual attack on the subject matter jurisdiction of the court, in which the presumption of truthfulness ends, matters beyond the pleadings are considered, and factual determinations are made pertaining to jurisdiction. *See Williamson v. Tucker*, 645 F.2d 404, 412–414 (5th Cir. 1981); *Oaxaca v. Roscoe*, 641 F.2d 386, 391 (5th Cir. 1981). The burden of proof on a Rule 12(b)(1) motion rests with the party asserting jurisdiction. *See* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1350, at 555 (1969).

In contrast to Rule 12(b)(1), it is a fundamental tenet in deciding Rule 12(b)(6) motions that all the allegations of the complaint shall be accepted as true. *See Williamson v. Tucker*, 645 F.2d at 412; *Miller v. Stanmore*, 636 F.2d 986 (5th Cir. 1981). If matters outside the pleadings are considered, the motion is automatically converted to motion for summary judgment, thereby according additional safeguards for the plaintiff. *See Williamson v. Tucker*, 645 F.2d at 412. In some instances, *e. g.*, statutory waivers of sovereign immunity, the basis of subject matter jurisdiction may be intertwined with the plaintiff's federal cause of action. Where this occurs and "the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper course of action for the district court ... is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case." *Id.* at 415.

The SBA's motion, with supporting affidavits, presents a factual attack on the subject matter of the complaint. Additionally, the SBA contends that no valid contract exists and offers a supporting affidavit. Of course, if the affidavit is considered, this aspect of defendant's motion, while ostensibly arising under Rule 12(b)(6), would be converted to a motion for summary judgment. Furthermore, in claiming that 28 U.S.C. § 2409a is of no avail as a statutory basis for plaintiff's claim, the SBA presents an argument which subsumes both a jurisdiction issue and a federal cause of action issue. Thus, under *Williamson, supra*, the question should be decided utilizing the appropriate standards under Rule 12(b)(6).

## II

It is well settled that " '[t]he United States, as sovereign, is immune from suit save as it consents to be sued ..., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.' " *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 1352, 63 L.Ed.2d 607 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941)); *see Stanley v. Central Intelligence Agency*, 639 F.2d 1146, 1156 (5th Cir. 1981); *Stanton v. United States*, 434 F.2d 1273, 1275 (5th Cir. 1970). One such "consent to suit" is encompassed in the Federal Tort Claims Act [FTCA], 28 U.S.C. §§ 1346(b), 2671–2680, which constitutes "a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." *United States v. Orleans*, 425 U.S. 807, 813, 96 S.Ct. 1971, 1975, 48 L.Ed.2d 390 (1976); *see Payton v. United States*, 636 F.2d 132, 135–36 (5th Cir.) *rehearing en banc ordered*, 649 F.2d 385 (5th Cir. 1981); *Johnson v. United States*, 576 F.2d 606, 610 (5th Cir. 1978). Of course, any waiver of sovereign immunity, including the FTCA, must be strictly construed and, to come within the ambit of a particular waiver, a claimant must fully adhere to all statutory procedures. *See Foyt v. United States*, 561 F.2d 599 (5th Cir. 1977); *Molinar v. United States*, 515 F.2d 246 (5th Cir. 1975).

As a jurisdictional prerequisite to commencement of a federal court action under the FTCA, a claimant must first file an

administrative claim with the appropriate federal agency. 28 U.S.C. § 2675(a). *See Ware v. United States*, 626 F.2d 1278, 1283 (5th Cir. 1980); *Lovell v. Unknown Federal Correctional Officers*, 595 F.2d 281, 282 (5th Cir. 1979); *Ducharme v. Merrill-National Laboratories*, 574 F.2d 1307, 1311 (5th Cir.), *cert. denied*, 439 U.S. 1002, 99 S.Ct. 612, 58 L.Ed.2d 677 (1978). In this action, it is uncontroverted that no administrative claim was filed. Thus, an initial question presented by the SBA's motion to dismiss is whether plaintiff's claim sounds in tort, and as such, must be dismissed for plaintiff's failure to comply with 28 U.S.C. § 2675(a).

With respect to federal waiver of sovereign immunity, courts recognize that "[t]hough distinctions between contract and tort claims do not retain historic significance under modern judicial administration, they retain vitality in view of the jurisdictional provisions of laws consenting to actions against the government." *Murray v. United States*, 405 F.2d 1361, 1366–67 (D.c. Cir. 1968). In considering the tort/contract distinction, as it pertains to actions against the United States, the Fifth Circuit adopted the following characterization of a "contract claim":

"Many breaches of contract can also be treated as torts. But . . ., where the 'tort' complained of is based entirely upon breach by the government of a promise made by it in a contract, *so that the claim is in substance a breach of a contract claim*, and only incidentally and conceptually also a tort claim, we do not think that the common law or local state law right to 'waive the breach and sue in tort' brings the case within the Federal Tort Claims Act."

*United States v. Smith*, 324 F.2d 622, 625 (5th Cir. 1963) (quoting *Woodbury v. United States*, 313 F.2d 291, 295 (9th Cir. 1963)).

Here, the relationship, if any, between the SBA and the plaintiff was entirely contractual in character. It is apparent, from the face of plaintiff's complaint and attached exhibit, that the parties entered into a "Sales Contract Agreement" on September 3, 1981, for the sale of certain real property. Plaintiff's grievance relates specifically to the SBA's alleged failure to perform under the terms of the contract. Given these factors, the Court finds that plaintiff's claim "is in substance a breach of contract claim" and thus, falls outside the reach of the FTCA and its jurisdictional prerequisites.[1] *See Blanchard v. St. Paul*

---

1. The defendant SBA does not specify the type of cause of action in tort it claims plaintiff is pursuing in this case. Of course, a cause of action for tortious interference with contract rights is excepted from the FTCA, 28 U.S.C. § 2680(h), and therefore is not actionable even if plaintiff had timely filed an administrative claim. A separate tort theory may be available where the action of defendant not only violates a contractual obligation but also violates a duty owed to plaintiff independent of the contract. *See Orkin Exterminating Co., Inc. v. Stevens*, 130 Ga.App. 363, 365, 203 S.E.2d 587 (1973). Yet, not all duties arising from contract, if breached, may also serve as basis for a cause of action in tort. As stated by the Georgia Court of Appeals:

[W]here defendant's negligence ends merely in nonperformance of the contract and where defendant is not under any recognized duty to act apart from contract, the courts generally still see no duty to act affirmatively except the duty based on—and limited by—defendant's consent. In those circumstances, an action in tort may not be maintained for what is a mere breach through non-action or through ineffective performance (which is

the same thing) of a contract duty—the duty must arise independent of contract to constitute a tort.

*Id.* at 365, 203 S.E.2d 587 (citations omitted); *see Tate v. Aetna Casualty & Surety Co.*, 149 Ga.App. 123, 124–25, 253 S.E.2d 775 (1979).

In this case, the "gravamen" of plaintiff's complaint is that the SBA did not perform an affirmative duty which arose solely on the basis of the alleged contract between plaintiff and the SBA. The complaint does not allege that the SBA had any duties independent of the contract. Thus, the cause of action must be limited to one sounding in contract.

Ordinarily, three alternative remedies are available for breach of contract: specific performance, restitution and damages. *See PMS Construction Co., Inc. v. DeKalb County*, 243 Ga. 870, 257 S.E.2d 285 (1979). Here, plaintiff seeks specific performance and damages. The relationship between these remedies was summarized by the Georgia Supreme Court in *Loewus v. Eskridge & Downing, Inc.*, 175 Ga. 456, 165 S.E. 576 (1932):

Damages may be asked for in a petition which contains a count for specific performance. Or they may be set up by amendment.

*Fire and Marine Insurance Co.*, 341 F.2d 351, 359 (5th Cir. 1965).

■ Since the complaint sounds in contract, federal court jurisdiction over plaintiff's claim must find support in a governmental consent to suit other than the FTCA. Ordinarily, the Tucker Act provides the requisite consent and jurisdictional basis for such actions. 28 U.S.C. §§ 1346(a)(2), 1491–1507. As recently commented by the Fifth Circuit:

> When an action against the United States or its agencies is "founded ... upon any express or implied contract with the United States" or "for liquidated or unliquidated damages in cases not sounding in tort," ... [section 1346(a)(2)] is normally relied upon, for it operates both as a waiver of sovereign immunity and a grant of jurisdiction.

*A. L. Rowan & Son v. Department of Housing and Urban Development*, 611 F.2d 997, 999 (5th Cir. 1980). Yet, under the Tucker Act, federal district court jurisdiction is limited; the court of claims has exclusive jurisdiction to determine claims against the United States which exceed $10,000.00. *Id.* *See also* 14 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3657, at 220 (1976) ("The contract that plaintiff is relying upon [in a Tucker Act Claim] must be recognized specifically as a government contract on which the United States is liable.") Thus, in this action, since plaintiff's claim exceeds $10,000.00, exclusive jurisdiction would vest in the court of claims.

The vendor has his election between specific performance and damages.... One who has made a contract for the sale and conveyance of land, the agreed purchaser never having entered into possession nor taken a conveyance, has his election of two remedies, if the contract be binding upon the other party. He may either proceed in an equitable action for specific performance, or bring an action at law for damages for breach of contract .... Specific performance and damages are not inconsistent remedies and may be pursued in the same action. *Id.* at 460, 165 S.E. 576 (citations omitted). As a general matter, plaintiff cannot have both the equitable relief of specific performance and damages for breach of contract. *Cf.*

With the elimination of the Tucker Act and the FTCA, as available statutory avenues for the prosecution of plaintiff's claim, the Court must turn to two separate statutes which, according to plaintiff, constitute a germane waiver of sovereign immunity and confer jurisdiction over plaintiff's cause of action. First, section 1346(f) of the Judicial Code accords federal jurisdiction for actions to "quiet title" in real estate in which the United States claims an interest. *See* C. Wright, A. Miller, & E. Cooper, *supra*, § 3656, at 209–10. The specific waiver of sovereign immunity for such actions and the applicable procedure is prescribed in 28 U.S.C. § 2409a. *Id.* at 206; *see California v. Arizona*, 440 U.S. 59, 63–65, 99 S.Ct. 919, 922–23, 59 L.Ed.2d 144 (1975). Second, the "sue and be sued" clause contained in 15 U.S.C. § 634(b)(1) constitutes a limited waiver of sovereign immunity for actions against the SBA. The issue presented is whether these statutes authorize suit against the SBA for alleged breach of contract and sanction relief in the form of monetary damages and specific performance.

### 28 U.S.C. §§ 1346(f), 2409a

■ Section 2409a was enacted "to allow the United States to be made a party in actions in district courts to quiet title to lands in which the government claims an interest." *Fulcher v. United States*, 632 F.2d 278, 282–83 (4th Cir. 1980) (*en banc*); *see Cummings v. United States*, 648 F.2d 289 (5th Cir. 1981); *Buchler v. United States*, 384 F.Supp. 709 (E.D.Cal.1974). The term "quiet title," as used in the jurisdic-

*Golden v. Frazier*, 244 Ga. 685, 688, 261 S.E.2d 703 (1979) ("incidental damages awarded ... in order to make [plaintiff] whole are not inconsistent with the decree of specific performance"). Yet, recovery of damages in lieu of specific performance is possible provided the plaintiff can prove his right to the latter remedy. *Stribling v. Ailion*, 223 Ga. 662, 664, 157 S.E.2d 427 (1967); *Hamilton v. Daniel*, 213 Ga. 650, 651, 100 S.E.2d 730 (1957). Such proof requires a contract which is in writing signed by both parties, is certain and fair, is for an adequate consideration, and is capable of being performed. Of course, mutual rescission of a contract forecloses a decree of specific performance. *Holloway v. Giddens*, 239 Ga. 195, 236 S.E.2d 491 (1977).

tional provision, section 1346(f) and the substantive provision, section 2409a, has been given a broader meaning than the common law remedy by *quia timet.* In *Prater v. United States,* 612 F.2d 157, 159 (5th Cir.), *aff'd on rehearing,* 618 F.2d 263 (5th Cir. 1980), the Fifth Circuit concluded that "[s]ection 2409a, which was enacted contemporaneously with section .1346(f), waives sovereign immunity in all suits to 'adjudicate a disputed title to real property[,]' . . . actions which may not have been properly labeled as actions to quiet title at common law." Yet, to come within the class of beneficiaries envisioned by section 2409a, plaintiff must still "have *title or color of title to land* in which the United States also claims an interest." *Tudor v. Members of Arkansas State Parks,* 83 F.R.D. 165, 172 (E.D.Ark.1979) (emphasis added). This view of the section 2409a class of plaintiffs expressed by the district court in *Tudor* is in accord with *Prater,* in which the Fifth Circuit, on rehearing, emphasized that the plaintiff "asserted equitable title to the realty, under Georgia trust law." 618 F.2d at 263.

▮ In this case, taking the allegations of plaintiff's complaint as true, *see Williamson, supra,* it appears that the parties entered into a contract for the sale of land. The plaintiff paid 10% earnest money and later tendered the full purchase price. Under such an executory contract for sale of realty, the purchaser has a beneficial interest in the land which may be sold or assigned.[2] *See Waldrop v. Bettis,* 223 Ga. 715, 719, 157 S.E.2d 870 (1967); *Walker v. General Insurance Co.,* 214 Ga. 758, 761, 107 S.E.2d 836 (1959). Such an interest in the realty is akin to the jurisdiction-generating interest approved in *Prater. See* 612 F.2d at 159, 160 (plaintiff claimed equitable title in land under a statutory implied trust, Ga.Code § 108–106). Accordingly, on the basis of *Prater,* plaintiff meets the threshold jurisdictional requirements of 28 U.S.C. § 1346(f).

▮ Yet, even conceding that the court has jurisdiction to entertain plaintiff's substantive claim under 28 U.S.C. § 2409a, defendant SBA maintains that no contract binding on the SBA ever existed between the parties. Briefly stated, the SBA argues that under federal regulations, only certain SBA officials may approve a contract for the sale of SBA realty. By affidavit, the SBA purports to show that no authorized official approved the contract of sale in this case, and thus, under the well settled principle that the federal government may not be bound by its agents acting beyond their actual authority, the SBA contends that the contract is not valid.

It is clear that resolution of this issue turns on the SBA's proffered affidavit. It is equally clear, however, that "a district court must treat a 12(b)(6) motion for failure to state a claim as a motion for summa-

2. As a tangential matter, the Court discerns from the pleadings an issue of "mutual rescission." In *Holloway v. Giddens,* 239 Ga. 195, 236 S.E.2d 491 (1979), the vendor and purchaser entered into a contract for the sale of land but never closed. Instead the vendor returned the purchaser's earnest money by refund check, which the purchaser cashed. In denying a decree of specific performance, Justice Hall, now a United States District Judge for the Northern District of Georgia, found that the executory contract of sale was mutually rescinded by the parties, and concluded as follows:

Parties may by mutual consent abandon an existing contract between them so as to make it not thereafter binding and the contract may be rescinded by conduct as well as by words . . . . While a valid executed contract cannot be discharged by a simple agree-

ment, but only by performance, by release under seal, or by an accord and satisfaction, one that is executory, that is, one that has not been acted upon, may be discharged by an agreement of the parties that it shall no longer bind either of them. The consideration on the part of each is the other's renunciation. . . . [A]n executory contract for the sale of land, evidenced by writing, may be rescinded by mutual consent of the parties, either by novation or simple agreement, and . . . such agreement may be in parole as well as in writing.

*Id.* at 197, 236 S.E.2d 491 (citations omitted). Here, plaintiff was remitted, by cashier's check, all sums paid for the property. Whether plaintiff cashed the check or not is unclear, and, in any event, such a factual determination is inappropriate on motion to dismiss.

ry judgment where the trial court considers matters outside the pleadings." *Stanley v. Central Intelligence Agency*, 639 F.2d 1146, 1158 (5th Cir. 1981). Moreover, the non-moving party is entitled to at least ten days notice that a Rule 12(b)(6) motion is being converted to a motion for summary judgment. *Hickey v. Arkla Industries, Inc.*, 615 F.2d 239, 240 (5th Cir. 1980); *see Oaxaca v. Roscoe*, 641 F.2d 386, 391–92 (5th Cir. 1981). Accordingly, in order to afford plaintiff an adequate opportunity to develop whether genuine fact issues exist on this question, ruling on this aspect of defendant's motion is deferred for at least ten days; provided, however, that the motion is then reasserted by defendant SBA.

### 15 U.S.C. § 634(b)(1)

As a second statutory consent to suit, plaintiff argues that his action is cognizable under 15 U.S.C. § 634(b)(1), which provides:

[T]he Administrator [of the SBA] may—

. . . .

sue and be sued in any court of record of a State having general jurisdiction, or in any United States district court, and jurisdiction is conferred upon such district court to determine such controversies without regard to the amount in controversy; but no attachment, injunction, garnishment, or other similar process, mesne or final, shall be used against the Administrator or his property.

Courts view this statute as a limited waiver of sovereign immunity for the SBA, *see, e. g. Romeo v. United States*, 462 F.2d 1036, 1037 (5th Cir. 1972), *cert. denied*, 410 U.S. 928, 93 S.Ct. 1361,. 35 L.Ed.2d 589 (1973), and as a grant of federal district court jurisdiction to hear such suits. *See Expedient Services, Inc. v. Weaver*, 614 F.2d 56, 57 (5th Cir. 1980).

A review of the case law construing section 634(b)(1) reveals the following: (1) even though the statute expressly authorizes suit against the administrator, "the fact that the named party was the administration rather than the Administrator [is] of no consequence;" *Mar v. Kleppe*, 520 F.2d 867, 870 (10th Cir. 1975); (2) section 634 confers federal court jurisdiction over claims for monetary damages against the SBA and such claims need not be brought in the court of claims when the amount in controversy exceeds $10,000.00; *id.* at 970–71; (3) declaratory relief is an available remedy under section 634; and (4) while claims for monetary damages and declaratory relief are actionable, section 634 specifically precludes injunctive relief, which includes relief "in the nature of specific performance." *Romeo v. United States*, 462 F.2d at 1038.

Applying these principles to the instant case, it is apparent that plaintiff's claim for monetary damages stemming from the SBA's alleged breach of contract is actionable under section 634 and that the Court has jurisdiction to hear such a claim. As a general rule, such damages for vendor breach of an executory contract to convey equals the loss of the bargain to the purchaser, that is, the difference between the contract price and the value of the land, plus any consequential damages. Thus, if plaintiff in this case proves liability on the part of the SBA for total breach of an executory contract to convey realty, recoverable damages would be the difference between the value of the land, as calculated as of the date of breach, and the contract price, plus any proved consequential damages.

Yet, "injunctive relief," which the Fifth Circuit has extended to specific performance, *see Romeo, supra*, is unavailable under section 634. Such a statutory restriction on available remedies, however, does not compel dismissal of plaintiff's entire claim for lack of subject matter jurisdiction. As Judge Tate commented in *Weaver, supra* : "This restriction appears to be more in the nature of a limitation on the waiver of sovereign immunity than a restriction of the court's jurisdiction." 614 F.2d at 58. Thus, while "injunctive relief" against the SBA is clearly unavailable under the "sue and be sued" immunity waiver of section 634, this is not jurisdictionally fatal to plaintiff's action where other relief is sought.

■ As an additional matter, the Court notes that, although part of plaintiff's complaint seeks relief in the form of an injunction, the Court may nevertheless, where appropriate, construe the request as one for declaratory relief thereby bringing the claim within the ambit of section 634. *See Mar v. Kleppe*, 520 F.2d at 869. Furthermore, a review of *Prater, supra*, reveals that the Fifth Circuit approved federal court jurisdiction pursuant to 28 U.S.C. § 1346(f) over a claim for the conveyance of realty owned by the United States. Thus, *Prater* seems to imply that section 1346(f) confers jurisdiction over a claim against the United States for relief in the nature of specific performance. Whether the Court in this action may order the SBA to convey realty to the plaintiff under the provisions of 28 U.S.C. §§ 1346(f), 2409a, or 15 U.S.C. § 634, is a matter properly decided on motion for partial summary judgment. The subject matter jurisdiction issue raised by the present motion is decided in favor of plaintiff.

Accordingly, the motion to dismiss filed by defendant SBA is DENIED.