Gladys H. PROTHRO, d/b/a Prothro's Gift Shop, Clayton M. Prothro, George H. Prothro, Albert F. Jolly, and Denise P. Jolly

v.

UNITED STATES of America.

No. 1:86–cv–2101–CAM.

United States District Court,
N.D. Georgia,
Atlanta Division.

March 17, 1988.

Michael Duane Anderson, Foster & Foster, Jonesboro, Ga., Carl Hilliard Hodges, Carl H. Hodges & Associates, Morrow, Ga., for plaintiffs.

J.D. Roy Atchison, Office of U.S. Atty., Atlanta, Ga., for U.S.

ORDER

MOYE, District Judge.

The above-styled action is before this Court pursuant to its show cause order of December 10, 1987. Currently pending are defendant's motion for summary judgment and plaintiffs' motion to amend their complaint.

I. FACTS

Plaintiff, Gladys H. Prothro, d/b/a Prothro's Gift Shop ("Borrower"), obtained a loan from the Small Business Administration on October 9, 1981, in the amount of $50,000 (the "1981 Loan"). Borrower executed a promissory note in that amount ("1981 Note"). The 1981 Note was secured by the personal unconditional guarantees of plaintiffs Albert and Denise Jolly and George and Clayton Prothro. The guarantees of George Prothro and the Jollys are secured by their homes.

The Borrower had previously obtained a loan from Commercial Bank and Trust Company which was guaranteed, in part, by the SBA (the "1979 Loan"). Borrower pledged the inventory, furniture and fixtures of her business as collateral for the 1979 Loan.

The Borrower eventually defaulted on both the 1979 Loan and the 1981 Loan. When the 1979 Loan went into default, the SBA purchased its guaranty as agreed.

The 1979 Note and security agreements were assigned to the SBA. The SBA foreclosed on the security and sold the contents of Prothro's Gift Shop at a public sale. The plaintiffs contend, and for purposes of this motion the Court assumes, that this sale was commercially unreasonable, and consequently, the full value of the collateral was not realized through the sale.

As a result of Borrower's default on the 1981 Loan, the SBA began preparing for a foreclosure sale of the homes of Albert and Denise Jolly and George Prothro, which secure the 1981 Loan. The plaintiffs brought this action, and the SBA postponed the foreclosure proceedings pending resolution of this action.

## II. SUMMARY

The primary difficulty in this action is attempting to ascertain the bases of plaintiffs' various claims. The complaint and proposed amended complaint appear to state claims which fall into two broad categories: (1) tort claims; and (2) non-tort claims based upon the Georgia Supreme Court decision in *Reeves v. Habersham Bank*, 254 Ga. 615, 617–24, 331 S.E.2d 589 (1985). In addition, both the complaint and proposed amended complaint seek relief which, *in substance*, falls into two broad categories: (1) monetary damages, and (2) injunctive relief.

As more fully explained herein, the Court finds that: (1) plaintiffs' tort claims are barred by reason of their failure to file an administrative tort claim; (2) defendant is immune from any relief which is injunctive in substance, regardless of what form plaintiffs' requested relief takes; and (3) plaintiffs can not recover under *Reeves v. Habersham*, 254 Ga. 615, 331 S.E.2d 589 (1985). Accordingly, defendant's motion for summary judgment is GRANTED.

The Court finds that plaintiffs' proposed amended complaint is not substantively different from the original complaint, and therefore, it would be subject to summary judgment to the same extent as the original complaint. Accordingly, plaintiffs' motion to amend is DENIED as futile. See *Fo-man v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

The following discussion is based on the fact that the defendant United States of America is being sued based on acts or omissions of its agency the SBA. Accordingly, the Court is of the opinion that the United States as the named defendant is immune to the degree which the SBA would be if it were the named party.

## III. DISCUSSION

### A. *Injunctive and Declaratory Relief*

■ Injunctive relief is not available against the defendant. See e.g. *Romeo v. United States*, 462 F.2d 1036, 1037–38 (5th Cir.1972). Likewise, specific performance is not available against the SBA because it is tantamount to an injunction. See *Expedient Services, Inc. v. Weaver*, 614 F.2d 56, 58 (5th Cir.1980). This Court believes that any declaratory relief which would prohibit the SBA from foreclosing and liquidating collateral would be tantamount to injunctive relief, from which the defendant is immune. Accordingly, the defendant is entitled to summary judgment on plaintiffs' claims for injunctive and declaratory relief.

To the extent plaintiffs' proposed amendment seeks such relief, it would be futile, and is therefore DENIED. See e.g., *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

### B. *Tort Claims*

■ The Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, applies to claims against the SBA. See *Taylor v. Administrator of SBA*, 722 F.2d 105, 109–10 (5th Cir.1983). All of plaintiffs' tort claims are barred by their failure to submit any administrative tort claim as required by the Federal Tort Claims Act. See *Lykins v. Pointer, Inc.*, 725 F.2d 645, 646–47 (11th Cir.1984); *Taylor, supra*, at 101; *McCormick v. United States*, 645 F.2d 299, 301 n. 4 (5th Cir.1981). Accordingly, defendant's motion for summary judgment is GRANTED as to all plaintiffs' claims sounding in tort.

Plaintiffs' motion to amend its complaint to allege causes of action sounding in tort is futile; therefore, it is DENIED as to

those claims. *See Foman,* 371 U.S., at 182, 83 S.Ct., at 230.

### C. *Non–Tort—Reeves Claim*

■ The remaining claim alleged in plaintiffs' complaint seeks actual damages from the defendant based on acts or omissions of its agency the SBA. The Court has jurisdiction to hear this claim under 15 U.S.C. § 634(b)(1). *See e.g., Romeo, supra; Claxton v. SBA,* 525 F.Supp. 777, 782 (S.D. Ga.1981).

Plaintiffs appear to contend that defendant is liable to them for damages caused by the allegedly commercially unreasonable sale of the collateral securing the 1979 Loan. As best the Court can ascertain from plaintiffs complaint and other pleadings, this claim is based upon the Georgia Supreme Court's decision in *Reeves v. Habersham Bank,* 254 Ga. 615, 617–24, 331 S.E.2d 589 (1985).

In order for plaintiffs to recover under *Reeves,* they must show, among other things, that: (1) the 1979 Loan contains a future advances or dragnet clause connecting it with the 1981 Loan, and that as a result, the collateral for the 1981 Loan also secures the 1979 Loan; and (2) a future advances clause in the 1979 Loan is being invoked by the SBA to reach the collateral securing the 1981 Loan to satisfy a deficiency on the 1979 Loan.

The undisputed facts show that the SBA is not seeking a deficiency on the 1979 Loan, and therefore, it is entitled to summary judgment on plaintiffs' *Reeves* claim. In addition, a review of the 1979 Loan documents reveils that there is no future advances or dragnet clause contained therein. Accordingly, defendant is entitled to summary judgment as to plaintiffs' non-tort claims.

### IV. CONCLUSION

In sum, the defendant's motion for summary judgment is GRANTED. The plaintiffs' motion to amend its complaint is DENIED.