714 F.2d 26
 32 Empl. Prac. Dec. P 33,795, 31 Cont.Cas.Fed.
(CCH) P 71,431
VALLEY CONSTRUCTION COMPANY, Fordice Construction Company
and Four "F" Corporation, Plaintiffs-Appellants,
v.
John O. MARSH, Secretary of the Army of the United States,
et al., Defendants-Appellees.
 No. 82-4270.
 United States Court of Appeals,
Fifth Circuit.
 Sept. 6, 1983.
 
 Lee Davis Thames, Luther T. Munford, Jackson, Miss., for Fordice Const. co.
 Hunter M. Gholson, Columbus, Miss., for Valley Const. Co.
 Wm. Bradford Reynolds, Asst. Atty. Gen., Dennis J. Dimsey, Brian K. Landsberg, Attys., Civil Rights Div., Dept. of Justice, Washington, D.C., George Phillips, U.S. Atty., Jackson, Miss., for defendants-appellees.
 Appeal from the United States District Court for the Southern District of Mississippi.
 Before THORNBERRY, GEE and WILLIAMS, Circuit Judges.
 JERRE S. WILLIAMS, Circuit Judge.
 
 
 1
 The Army Corps of Engineers (Corps) participates in a government program designed to encourage minority-operated government contractors. In 1981, the Corps set aside all of its eleven available construction contracts in the Vicksburg, Mississippi area for assignment to minority enterprises under this program. Three non-minority construction contractors filed this suit against the Corps and its senior officers, charging that the Corps had ignored a regulatory duty to consider the effect a minority enterprise set-aside would have on competing non-minority contractors. The district court ruled that the case was moot. The contractors now appeal. We reverse and remand for trial.
 
 I.
 
 2
 The federal government, in an attempt to encourage minority business enterprises, allows the Small Business Administration (SBA) to serve as intermediary between government agencies and capable minority businesses. The SBA first screens minority businesses for suitability. Next, it encourages participating government agencies to set aside government contracts for the minority enterprise program. Finally, the SBA awards the contracts to approved firms and monitors compliance. The program is commonly known as the " § 8(a) program." Small Business Act § 8(a), 15 U.S.C. § 637(a)(1)(C).
 
 
 3
 The Army participates in the § 8(a) program and has issued regulations regarding its participation. Contracting With the Small Business Administration, 32 C.F.R. § 1-705.5. The Army allows the SBA to screen potential contractors and to send the Army a list of approved vendors. The SBA then sends the Army a formal request for a commitment to set-aside particular contracts. Section 1-705.5(c). The Army evaluates the SBA's request for a commitment, giving consideration to seven enumerated factors. Section 1-705.5(c)(1)(B).[1] Among the seven factors is the "impact [of the minority enterprise set-aside] if items were acquired historically by small business or labor surplus area set-aside." Section 1-705.5(c)(1)(B)(vi).
 
 
 4
 In 1981, the Corps had eleven contracts to let in the Vicksburg area. It set all eleven aside for minority enterprise assignment. The three appellants, who are not eligible for the § 8(a) minority enterprise set-aside but are eligible for the small business set-aside referred to in § 1-705.5(c)(1)(B)(vi), filed suit in federal district court challenging the proposed set-aside of 100% of the Vicksburg area contracts. 28 U.S.C. § 1346. They charged that the Army had not considered the impact of the proposed set-aside on local non-minority contractors.[2] The contractors sought declaratory and injunctive relief. They were granted a temporary restraining order, which was later extended.
 
 
 5
 While the restraining order was in effect, the district court acceded to the request of the parties and allowed the Corps to dispose of the eleven contracts. Six were unfunded and therefore unawarded, two were awarded under the § 8(a) program, and three were let under competitive bidding. Plaintiff-appellant Four "F" received two of the three awards under competitive bidding.
 
 
 6
 In dismissing the case as moot, the district court reasoned that since all eleven contracts had been awarded or otherwise disposed of, there was no longer a case or controversy. Our inquiry on appeal relates to the finding of mootness rather than the merits.
 
 II.
 
 7
 Since the eleven contracts under question are no longer available for bidding, we begin with a presumption that the case is moot. To circumvent the mootness doctrine, the claims before us must be "capable of repetition, yet evading review." Southern Pacific Terminal Co. v. ICC, 219 U.S. 498, 31 S.Ct. 279, 55 L.Ed. 310 (1911). There must be a "reasonable expectation" that the plaintiff will be subjected to similar conduct in the future. Weinstein v. Bradford, 423 U.S. 147, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975); Connell v. Shoemaker, 555 F.2d 483 (5th Cir.1977).
 
 
 8
 The Corps views this case as a challenge to the 100% set-aside of its Vicksburg contracts. It claims that there had never before been a 100% set-aside, and that even the eleven contracts in dispute were not awarded solely to minority enterprises. It claims that there is, hence, no "reasonable expectation" that a 100% set-aside will occur in the future and that this challenge was mooted with the disposition of the eleven contracts.
 
 
 9
 The contractors point out, however, that their charge concerns the duty of the Corps to review the impact that a minority set-aside has on their businesses, whether the set-aside be for one contract, eleven contracts, or eleven thousand contracts. Even if they were to concede the unlikelihood of a future 100% set-aside, the contractors still claim the threat of injury from a less-than-total set-aside. It is the arbitrariness of the set-aside, and not its proportion to the total number of contracts, that underlies their challenge. The Corps acknowledged on appeal that it still participates in the § 8(a) minority set-aside program.
 
 
 10
 Without passing on the merits of the charges before us, we find an adequate showing that arbitrary assignments to the minority set-aside program are "capable of repetition." The capability is obvious, and past actions by the government raise a reasonable likelihood of repetition.
 
 
 11
 The other prerequisite to circumventing the mootness doctrine is "evading review." Evading review can be shown if the case evades appellate review. Nebraska Press Ass'n v. Stuart, 427 U.S. 539, 96 S.Ct. 2791, 2797, 49 L.Ed.2d 683 (1976). If future Army contracts were to be awarded without regard to the considerations set forth in Army regulations, a disappointed contractor would find it impossible to secure appellate review. The government seems to concede that an appellate court cannot rule on a government contracts case during the short span of the Corps' contract bidding procedures. We therefore find that the charges before us evade review.
 
 
 12
 We hold that the allegations before us are not moot. This conclusion is in line with our prior holdings in Kinnett Dairies, Inc. v. Farrow, 580 F.2d 1260 (5th Cir.1978) and Ray Baillie Trash Hauling, Inc. v. Kleppe, 477 F.2d 696 (5th Cir.1973), cert. denied, 415 U.S. 914, 94 S.Ct. 1410, 39 L.Ed.2d 468 (1974).[3] See also Super Tire Engineering Co. v. McCorkle, 416 U.S. 115, 94 S.Ct. 1694, 40 L.Ed.2d 1 (1974).
 
 III.
 
 13
 The Army contends that even if the case is not moot, it fails to present a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). The contractors seek injunctive relief and a declaratory judgment. The district court found that injunctive relief would be improper because a necessary party to the suit is the SBA, which administers the overall § 8(a) minority enterprise set-aside program. The Small Business Act, 15 U.S.C. § 634(b)(1), precludes injunctive relief against the SBA. We concur with the reasoning of the district court and will not allow the contractors to obtain indirectly (against the Army) what they cannot obtain directly (against the SBA). Jets Services, Inc. v. Hoffman, 420 F.Supp. 1300, 1309 (M.D.Fla.1976) (minority set-aside action against the Army). We therefore affirm the dismissal of the claim to injunctive relief.
 
 
 14
 The pleadings also include a prayer for declaratory judgment. This is the traditional remedy for this type of transactional dispute. See Jets Services, supra; Pottharst v. SBA, 329 F.Supp. 1142 (E.D.La.1971). The government's only objection to declaratory judgment is that the order would be an "advisory opinion," which in reality is merely a repetition of the mootness claim we have rejected earlier in this opinion. This is not a case where the request for declaratory judgment is a shallow subterfuge for an unavailable injunction. See Expedient Services, Inc. v. Weaver, 614 F.2d 56 (5th Cir.1980). We hold that if plaintiffs can prevail on the merits upon trial, a declaratory judgment is a proper remedy.[4]
 
 
 15
 Finding that the claims are not moot and that the contractors present a claim upon which relief can be granted, we reverse and remand for decision on the merits.
 
 
 16
 REVERSED AND REMANDED.
 
 
 
 [1]
 These seven factors are:
 (i) estimated total quantities of the identified items planned for acquisition in the current fiscal year and, to the extent known, future fiscal years;
 (ii) required monthly rates of production and delivery schedules;
 (iii) items of similar complexity and nature if there are no known requirements of the specifically identified items;
 (iv) problems encountered in prior production of the items either by the proposed contractor or other contracts;
 (v) impact if slippage in delivery occurs;
 (vi) impact if items were acquired historically by small business or labor surplus are set-aside; and
 (vii) any other information concerning the items or the proposed contractor which is pertinent to the evaluation of the requested commitments.
 
 
 [2]
 Appellant Valley Construction Co., for example, asserts that it depends on Corps contracts for "virtually 100%" of its business, and that it bids on all available Corps contracts in the Vicksburg area
 
 
 [3]
 In Ray Baillie, this Circuit affirmed the constitutionality of the minority enterprise set-aside program. We began with an examination of mootness. The Air Force had cancelled the refuse hauling contract with plaintiff All American Waste, Inc., and the government claimed that challenges stemming from this contract therefore were moot. We ruled the case was not moot, since there was a reasonable expectation that the minority enterprise set-aside program would continue, including future awards of the contract at issue
 Again in Kinnett Dairies, we held that unsuccessful bidders for special government procurement programs could escape the mootness doctrine and obtain judicial review. 580 F.2d at 1266, citing Ray Baillie.
 
 
 [4]
 The contractors make no claim to monetary damages. Such a claim would force upon them the Herculean task of proving the Corps actually would have awarded them the contracts in question in the absence of the claimed violations