**ENPLANAR, INC., v. Keeler & Co., Inc., E.J.A., Inc., and Dragon Limited, Inc., Plaintiffs,**

**v.**

**John MARSH, Secretary of the Army of the United States; Robert W. Page as Army Assistant Secretary, Civil Works; Lieutenant General Henry Hatch, in his Official Capacity as Chief of Engineers; Colonel Richard B. Gorski, in his Official Capacity as District Engineer, U.S. Army; Colonel Stephenson W. Page, in his Official Capacity as District Engineer, U.S. Army; United States Army; United States Army Corps of Engineers; Susan Engeleiter, Administrator, Small Business Administration; and United States Small Business Administration, Defendants.**

Civ. A. No. J91–0413(R).

United States District Court,
S.D. Mississippi,
Jackson Division.

Nov. 3, 1992.

Louis Roy Koerner, Jr., New Orleans, LA, for plaintiffs.

Eneid A. Francis, U.S. Atty's Office, New Orleans, LA, Marybeth Martin, Timothy R. Karaskiewicz, U.S. Dept. of Justice, Employment Litigation, Civ. Rights Div., Washington, DC, David Fishman, Small Business Admin., Washington, DC, for defendants.

## MEMORANDUM ORDER

DAN M. RUSSELL, Jr., District Judge.

This cause is before this Court on Motion of the defendants John Marsh, Secretary of the Army of the United States; Robert W. Page as Army Assistant Secretary, Civil Works; Lieutenant General Henry Hatch, in his official capacity as Chief of Engineers; Colonel Richard B. Gorski, in his official capacity as District Engineer, U.S. Army; Colonel Stephenson W. Page, in his official capacity as District Engineer, U.S. Army; United States Army; United States Army Corps of Engineers; Susan Engeleiter, Administrator, Small Business Administration; and United States Small Business Administration, to enter an Order pursuant to Rule 12(b) of the Federal Rules of Civil Procedure dismissing Count VI of the Amended Complaint for the failure of the plaintiff, V. Keeler & Co. (hereinafter "Keeler") to invoke this Court's subject matter jurisdiction by pleading that the prayer for money damages on the contract claim contained in Count VI does *not* exceed the jurisdictional amount required by 28 U.S.C. Section 1346(a)(2) (hereinafter the "Tucker Act").

Also pending before this Court is the Motion of the defendants to Stay Discovery, and a proposed Order (without a motion) of the plaintiff to File Second Amended Complaint.

## I. INTRODUCTION

A. *Procedural History*

This lawsuit was filed on January 8, 1991, in the United States District Court for the Eastern District of Louisiana by four certi-

fied participants in the 8(a) program (15 U.S.C. Section 637(a)) who performed or were prepared to perform 8(a) contracts in the New Orleans and Vicksburg districts of the United States Army Corps of Engineers. The complaint and first amended complaint sought declaratory and injunctive relief against the Army, the Army Corps of Engineers, the Small Business Administration (hereinafter the "SBA") and several individual agency officers. The amended complaint alleged that certain named defendants had engaged in unlawful discrimination by: (1) suspending and improperly administering the 8(a) program; (2) withdrawing certain projects from the 8(a) program; and (3) preventing plaintiffs' access to Corps contracting personnel.

In March, 1991, the defendants filed a motion to dismiss, or, in the alternative, for summary judgment. The defendants maintained that there had been: (1) no suspension of the 8(a) program; and (2) no harm to plaintiffs resulting from the Corps of Engineers' seeking guidance as to the administration of the 8(a) program following the government's dismissal of the appeal of the then recent *Fordice Construction Co. v. Marsh, et al.*, 773 F.Supp. 867 (S.D.Miss., 1990).[1] The defendants also filed simultaneously a motion for change of venue, which contended that the plaintiffs' claim for review of the Corps' actions regarding the only disputed Vicksburg District project, the Cotton–Meade Cap–Out (identified in Count VI), was not related to the alleged suspension of the 8(a) program but was a veiled request for administrative review and money damages. The defendants argued that Count VI, therefore, should be transferred to the Southern District of Mississippi, which has more significant contacts with the subject matter of Count VI.

The district court had previously denied plaintiffs' claims for injunctive relief because it found those claims were: (1) prohibited by statute and controlling Fifth Circuit precedent; and (2) mooted by the defendants' continued administration of the 8(a) program.

On July 15, 1991, the district court granted defendants' motions to dismiss, for summary judgment, and to transfer Count VI and concluded that: (1) plaintiffs (with the possible exception of the V. Keeler Company) were not harmed by the Corps' administration of the 8(a) program and entered summary judgment against all plaintiffs except V. Keeler (Count VI); (2) plaintiffs had no substantive right of access to Corps' contracting personnel and granted defendants' motion to dismiss the defendants named in their individual capacities; (3) the defendants' request for guidance following the *Fordice* decision was reasonable and rejected plaintiffs' request for attorneys fees as prevailing parties; and (4) Count VI of the amended Complaint (requesting administrative review of the Corps' decision to withdraw the Vicksburg District project (the Cotton–Meade Cap–Out) from the 8(a) program) lacked significant contacts with the Eastern District of Louisiana and granted the defendants' Motion to transfer Count VI, pursuant to rule 21 of the Federal Rules of Civil Procedure.

### B. *Count VI of the Amended Complaint.*

Presently before this Court is Count VI of the amended complaint which is a claim grounded in contract asserted by the plaintiff, Keeler, against the Corps of Engineers and the Vicksburg District of the Corps. Said count concerns the defendants' withdrawal of a certain project, the Cotton–Meade Cap–Out, from possible performance through the 8(a) program. The defendants submit that the withdrawal was based on defendants' administrative analysis and judgment that the scope of the project had changed because certain conditions (including the weather, river flow, and the integrity of existing structures) had changed since the time that negotiations for possible award had begun. It is because plaintiff disagrees with defendants' administrative decision withdrawing the Cotton–Meade Cap–Out project from the 8(a) program that the amended complaint alleges the project was withdrawn from possible 8(a) performance in bad faith.

---

**1.** In *Fordice Construction Co. v. Marsh*, the court held that defendants, including the SBA and the Vicksburg District of the Corps of Engineers, had improperly administered certain aspects of the 8(a) program.

As such, Count VI requests relief in the form of unspecified monetary damages.

## II. ARGUMENT

Count VI of the amended complaint, as transferred to this Court, asks the Court to conduct an administrative review of plaintiff Keeler's contract claim and to enter *unspecified monetary damages* in its favor and against defendants. Defendants are therefore entitled to the dismissal of Count VI because: (1) the contract claim as alleged is only cognizable under the Tucker Act; and (2) plaintiff Keeler has failed to invoke this Court's subject matter jurisdiction by pleading that its Tucker Act claim does not exceed the $10,000.00 limitation placed on this Court's subject matter jurisdiction for such claims.

The plaintiff Keeler contends that the issue of lack of subject matter jurisdiction was not raised by motion by the defendants in the U.S. District Court, Eastern District of Louisiana, under circumstances in which such motion may have impacted on the decision of the court on whether or not to have granted the motion for change of venue. Further, the plaintiff submits that there was never any challenge of the jurisdiction of the district court until after the 8(a) program was reinstated, until Keeler's request for pre-award injunctive relief was denied, and until the remainder of this case was transferred to this Court.

The plaintiffs contends that because the defendants are raising the issue of lack of subject matter jurisdiction, that they are varying with the long-standing rule in federal court that jurisdiction is determined at the time the suit is filed and, after vesting, cannot be ousted by subsequent events, including action of the parties. *Citing F. Alderete General Contractors, Inc. v. United States,* 715 F.2d 1476, 1480 (Fed.Cir.1983).

### A. The Tucker Act

██ As explained in defendants' Motion to Dismiss the Amended Complaint for Lack of Subject Matter Jurisdiction, Count VI of the amended complaint alleges that Keeler was disappointed when its contract negotiations with the Corps' Vicksburg District for the Cotton–Meade project were discontinued and the Cotton–Meade contract was subsequently awarded to another company. Keeler asks the Court to conduct an administrative review of its claim that it was entitled to the contract for the Cotton–Meade project and requests the award of *unspecified monetary damages*. Despite its request for specific performance of the Cotton–Meade contract, Keeler has failed to identify the amount of the contract damages it seeks. Thus, Keeler has not met its threshold burden of demonstrating that the $10,000.00 jurisdictional requirement set forth in the Tucker Act has been satisfied.

██ It is established that the United States, as sovereign, is immune from suit except according to the terms of specific waivers of that immunity. The Tucker Act, 28 U.S.C. Section 1346, waives the sovereign immunity of the United States for contract and nontort claims. The Act provides concurrent jurisdiction in the district courts and the claims court for contract claims involving damages of $10,000.00 or less; contract claims for damages of more than $10,000.00 are within the *exclusive* jurisdiction of the claims court. Plaintiffs seeks to invoke the subject matter jurisdiction of the federal district courts bear the burden of alleging that their claims do not exceed the $10,000.00 jurisdictional limit established by the Tucker Act. *See New Mexico v. Regan,* 745 F.2d 1318, 1332 (10th Cir.1984), *cert. denied,* 471 U.S. 1065, 105 S.Ct. 2138, 85 L.Ed.2d 496 (1985); *Clark v. United States,* 691 F.2d 837, 840 (7th Cir.1982); *Ware v. United States,* 626 F.2d 1278, 1286 (5th Cir.1980). See generally Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d Sections 1214, 3657 and notes 29–31 (1985 & Supp.).

At the oral argument held in this cause on February 27, 1992, this Court specifically directed plaintiff's counsel to address two issues fundamental to this litigation.

First, the Court directed plaintiff to explain how its request for monetary damages was consistent with the jurisdictional requirements of the Tucker Act. Second, the Court directed plaintiff to articulate a basis

for the injunctive relief requested in the amended complaint and to explain how that request for injunctive relief could be reconciled with the Fifth Circuit's general prohibition against injunctive relief in cases, such as this one, involving the Small Business Administration. *See Valley Construction Co. v. Marsh*, 714 F.2d 26 (5th Cir.1983).

Plaintiff has not sufficiently responded to the merits of defendants' motion to dismiss. In its response to the motion to dismiss, Keeler fails to provide any explanation of a damage calculation that would *not* violate the requirements of the Tucker Act which is fundamental to this jurisdictional issue.

Instead, Keeler's response to defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction repeatedly raises irrelevant issues [2] that have already been ruled on in this litigation by Judge Mentz in the Eastern District of Louisiana and that are now on appeal in the Fifth Circuit of Appeals. *See Enplanar v. Marsh et al.*, Order and Reasons (No. 91–0101, E.D.La. July 17, 1991). Keeler also attempts to resurrect its defective claims for injunctive relief which is unavailable from this Court because such relief is forbidden by the controlling law of this Circuit. *Valley Construction Co. v. Marsh*, 714 F.2d 26 (5th Cir.1983). Second, injunctive relief is unavailable where, as here, it represents merely a veiled request for otherwise unavailable money damages. *See B.K. Instrument, Inc. v. United States*, 715 F.2d 713, 727 (2d Cir.1983).

## B. *The Unavailability of Injunctive Relief*

■ Both the amended complaint and plaintiff's supplemental memorandum in opposition to the Motion to Dismiss resurrect Keeler's request for injunctive relief. That injunctive relief includes specific performance of the contract for the Cotton–Meade project. Plaintiff's Supplemental Memo at 14. At oral argument, on February 22, 1992, defendants represented to the Court that the Fifth Circuit's general prohibition against the award of injunctive relief in cases implicating the Small Business Administration or its pro-

grams barred the award of injunctive relief or specific performance in this case.

*Valley Construction Co. v. Marsh*, 714 F.2d 26 (5th Cir.1983), is the most recent in a consistent line of Fifth Circuit cases that explicitly deny requests for injunctive relief against the SBA and other federal agencies participating in the administration of the Section 8(a) program. *See also, Romeo v. United States*, 462 F.2d 1036 (5th Cir.1972), *cert. denied*, 410 U.S. 928, 93 S.Ct. 1361, 35 L.Ed.2d 589 (1973); *Expedient Services, Inc. v. Weaver*, 614 F.2d 56 (5th Cir.1980). The *Valley* court specifically determined that 15 U.S.C. Section 634(b)(1) prohibits injunctive relief against either the SBA or the Corps in the administration of the Section 8(a) program.

> We concur with the reasoning of the district court and will not allow the contractors to obtain indirectly (against the Army) what they cannot obtain directly (against the SBA). *Jets Services, Inc. v. Hoffman*, 420 F.Supp. 1300, 1309 (M.D.Fla.1976) (minority set aside against the Army). We therefore affirm the dismissal of the claim to injunctive relief.

714 F.2d at 29. Early on in this litigation Judge Mentz found *Valley Construction* to be controlling law in the Fifth Circuit. Order of February 8, 1991. See Order and Reasons, July 15, 1992 at 2. The injunctive relief Keeler seeks in the amended complaint (as well as the "Second Amended Complaint") is simply not available as a matter of law.

■ Finally, at the conclusion of oral argument, this Court inquired about Keeler's ability to perform a contract, such as Cotton–Meade, in the event that injunctive relief was not barred under the facts and the law of this case. Keeler has now acknowledged that it has ceased all business operations and does not contend that it is capable of performing construction contracts of any kind. Plaintiff's Supplemental Memo at 6. Thus, even if injunctive relief were available, such relief would be meaningless in this situation and

---

**2.** For example, Keeler again raises the claims that it was prevented from self-marketing with the Corps' Vicksburg District and that the 8(a)

program was allegedly suspended in the Corps' Vicksburg and New Orleans Districts.

Keeler's request for such relief amounts to no more than a thinly veiled demand for money damages which Keeler cannot obtain because it has failed to satisfy the jurisdictional requirements of the Tucker Act.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED,** that for the foregoing reasons, the Court is of the opinion that the Motion of the defendants to Dismiss Count VI of the Amended Complaint for lack of subject matter jurisdiction, is well taken and hereby **GRANTED;** and the Motion of the defendants to Stay Discovery is hereby **MOOT.**

**IT IS FURTHER ORDERED AND ADJUDGED** that the plaintiff's proposed Order to File Second Amended Complaint is hereby **DENIED.**

**SO ORDERED AND ADJUDGED.**